IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mary T. Thomas, Nea Richard, Jeremy Rutledge, Trena Walker, Dr. Brenda Williams, and The Family Unit, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Marci Andino, as Executive Director of the State Election Commission, John Wells in his official capacity as Chair of SC State Election Commission, Clifford J. Edler and Scott Moseley in their official capacities as Members of the South Carolina State Election Commission, and Henry D. McMaster in his official capacity as Governor of South Carolina, <br><br> Defendants. | Civil Action No.: 3:20-cv-01552-JMC <br><br><br> **ORDER AND OPINION** |

Plaintiffs Mary T. Thomas, Nea Richard, Jeremy Rutledge, Trena Walker, Dr. Brenda Williams, and The Family Unit, Inc. (collectively "Plaintiffs") filed this action seeking declaratory, preliminary, and permanent injunctive relief from specified laws promulgated by the State of South Carolina that define persons qualified to vote by absentee ballot and requiring the solicitation of a witness signature for the ballot to count. (*See* ECF No. 1 at 2 ¶ 2–3 ¶ 5.)

This matter is before the court pursuant to the South Carolina Republican Party's ("SCRP") Motion to Intervene pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure. (ECF No. 11.) Plaintiffs oppose the SCRP's Motion in its entirety. (ECF No. 22.) For the reasons set forth below, the court **GRANTS** the SCRP's Motion to Intervene pursuant to Rule 24(b).

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

"The COVID-19 pandemic, also known as the coronavirus pandemic, is an ongoing

1

pandemic of coronavirus disease 2019 ('COVID-19') caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2)." *COVID-19 pandemic*, https://en.wikipedia.org/wiki/COVID-19_pandemic#cite_note-auto-5 (last visited May 7, 2020). The World Health Organization ("WHO") has specified that the outbreak initiated in Wuhan, China in December 2019. *WHO*, https://www.who.int/csr/don/12-january-2020-novel-coronavirus-china/en/ (last visited May 7, 2020). On January 30, 2020, WHO declared the outbreak a Public Health Emergency of International Concern and a pandemic on March 11, 2020. *Id.* at https://www.who.int/news-room/detail/30-01-2020-statement-on-the-second-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-outbreak-of-novel-coronavirus-(2019-ncov) (last visited May 7, 2020). As of May 7, 2020, there are more than 1.2 million reported cases in the United States and more than 3.74 million reported cases of COVID-19 worldwide, resulting in more than 264,000 deaths. *COVID-19 Dashboard by the Ctr. for Syss. Sci. & Eng'g at Johns Hopkins Univ.*, https://gisanddata.maps.arcgis.com/apps/opsdashboard/index.html #/bda75 94740 fd402994 2 3467b48e9ecf6 (last visited May 7, 2020).

The COVID-19 virus is primarily spread "from person to person through small droplets from the nose or mouth, which are expelled when a person with COVID-19 coughs, sneezes, or speaks." *WHO*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/question-and-answers-hub/q-a-detail/q-a-coronaviruses (last visited May 7, 2020). People may also become infected by touching a contaminated surface and then touching their eyes, nose, or mouth. *Id.* The COVID-19 virus is most contagious "within the first 3 days from the onset of symptoms," although spread may be possible before symptoms appear and in later stages of the disease. *Id.* at https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200402-sitrep-73-covid-19.pdf?sfvrsn=5ae25bc7_4 (last visited May 7, 2020).

On April 22, 2020, Plaintiffs filed a Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief against Defendants Marci Andino, John Wells, Clifford J. Edler, and Scott Moseley, in their official capacities as South Carolina State Election Commissioners, and Henry D. McMaster, the Governor of South Carolina (collectively "Defendants"). (ECF No. 1.) Due to an alleged vulnerability to COVID-19, Plaintiffs challenge (1) "the requirement setting forth exclusive categories of "[p]ersons qualified to vote by absentee ballot," in South Carolina (the "Excuse Requirement")[,] S.C. Code Ann. § 7-15-320" and (2) the constitutionality of South Carolina's witness signature requirement on absentee ballots, codified at S.C. Code Ann. § 7-15-220 (the "Witness Requirement[).]" (ECF No. 1 at 2 ¶ 3, 3 ¶ 4.) On April 28, 2020, Plaintiffs filed a Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking to enjoin "Defendants . . . and all persons acting in concert with each or any of them, from enforcing (a) the requirement that voters requesting a mail-in absentee ballot fall within a limited list of 'excuses,' which does not include self-isolation due to COVID-19, . . . , and (b) the requirement that voters mailing in absentee ballots must have another adult sign as a witness on the ballot's envelope, . . . ." (ECF No. 7 at 1.) Plaintiffs asserted that "[i]f the Challenged Requirements are not enjoined, they will pose significant risks to voters seeking to exercise their right to vote in the June 9, 2020 primary election amid the current COVID-19 crisis."[1] (*Id.* at 2.)

On May 1, 2020, the SCRP filed a Motion to Intervene seeking to intervene as a matter of right under Rule 24(a) or, alternatively, with the court's permission under Rule 24(b)(1)(b) in order to "maintain[] ballot integrity[,] prevent[] voter fraud," and "to protect its interest in electing Republicans." (ECF No. 11 at 1, 3 (internal quotation mark omitted).) On May 5, 2020, Plaintiffs

---

[1] In light of this assertion and Plaintiffs' subsequently filed Motion for Expedited Briefing Schedule on Their Motion for Preliminary Injunction (ECF No. 8), the court entered an Order setting forth an expedited schedule for this case. (ECF No. 27.)

3

filed their Opposition to Motion to Intervene. (ECF No. 22.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." *Id.* Specifically, Plaintiffs allege violations of their rights protected by the First and Fourteenth Amendments to the United States Constitution and the Voting Rights Act of 1965, 52 U.S.C. §§ 10301–10314, 10501–10508, 10701–10702 (formerly 42 U.S.C. §§ 1973–1973bb).

## III. LEGAL STANDARD

Pursuant to Rule 24(a)(2), "the court must permit anyone to intervene [as a matter of right] who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party seeking intervention as a matter of right must meet the following requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). In *Feller v. Brock*, the United States Court of Appeals for the Fourth Circuit noted that "liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with

4

efficiency and due process.'" 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)). "The party moving to intervene 'bears the burden of demonstrating to the court a right to intervene.'" *S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-330-DCN, 2018 WL 2184395, at *3 (D.S.C. May 11, 2018) (quoting *Matter of Richman*, 104 F.3d 654, 658 (4th Cir. 1997)). Failure to satisfy even one of the requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *See N.A.A.C.P. v. New York*, 413 U.S. 345, 369 (1973).

The court may also grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention [under Rule 24(b)] is left to the broad discretion of the Court and should be construed liberally in favor of intervention." *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012). "Among the factors a Court should consider in passing upon a motion for permissive intervention includes (1) the timeliness of the motion; (2) the presence of a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice the original parties." *Id.* (citing *Backus v. S.C.*, No. 3:11-cv-03120-HFF-MBS-PMD, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012)); *but see S.C. Coastal Conservation League*, 2018 WL 2184395, at *3 (adding a fourth prong that "there must be an independent ground of subject matter jurisdiction.") (citing *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004)).

## IV.  ANALYSIS

A.  <u>The Parties' Arguments</u>

   *1.  Intervention as a Right*

The SCRP argues that it should be allowed to intervene as a right. In support of this

argument, the SCRP asserts that it has submitted a timely Motion because "[t]he lawsuit has just begun, no responsive pleadings have been filed, no motions have been argued or decided, and allowing the Republican Party to intervene would not cause any delay." (ECF No. 11 at 3.) The SCRP further asserts that it "has a direct interest in the subject matter of this litigation because the law [] [P]laintiffs are challenging as unconstitutional governs the absentee voting process currently being encouraged by the Republican Party to increase voter participation." (*Id.*) Moreover, because the June 9, 2020 primary is a political party primary, the SCRP is responsible for collecting filing fees, certifying candidates, and handling protest hearings from the elections. (ECF No. 28 at 2.) Finally, the SCRP asserts that its interests are narrowly focused "on electing Republicans," which "are not adequately represented by the original parties to this action" in that Defendants only administer and/or defend the laws at issue. (ECF No. 11 at 4.) In this regard, the SCRP states that "[c]hanging the way South Carolinians vote will have a large impact on the interests of the Republican Party." (*Id.*)

In opposing the Motion to Intervene, Plaintiffs contend that the SCRP's alleged main interest in intervening in this action–"maintaining ballot integrity and preventing voter fraud"– shows that it "lacks any significantly protectable interest and instead asserts only generalized interests shared by the public at large—interests adequately protected by existing Defendants." (ECF No. 22 at 2 (quoting ECF No. 11 at 3).) Plaintiffs further contend that the SCRP's other stated interest, *i.e.*, "electing Republicans," is not "affected by this case" because "this case concerns the administrative procedures whereby all eligible voters may exercise their fundamental right to vote in either party's primary elections." (*Id.* at 6 (quoting ECF No. 11 at 3).)

2. *Permissive Intervention*

In support of permissive intervention, the SCRP argues that its Motion is timely and that

6

allowing intervention would not "unduly delay or prejudice the adjudication of the rights of the original parties." (ECF No. 11 at 5.) It is prepared to "meet the expedited briefing deadline of May 11, 2020 and be ready for a hearing on May 15, 2020." (*Id.* (referencing ECF Nos. 27, 30).)

Plaintiffs oppose permissive intervention claiming that it "would only serve to delay and complicate resolution of this case and lead to greater risk of confusion close to the election through, among other things, additional (and likely repetitive) briefing." (*Id.* at 10.) The "SCRP ought instead be permitted to participate as amicus curiae which would allow it to express its views on the case without hindering its timely resolution." (*Id.*)

B.   The Court's Review

   *1.   Intervention as a Right*

In assessing the threshold requirement under either prong of Rule 24, the court finds that the SCRP's Motion to Intervene (ECF No. 11) is timely, as it was filed before Defendants either entered their appearance or filed any responsive pleadings. *See, e.g.*, *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) ("In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." (citation omitted)); *S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-330-DCN, 2018 WL 2184395, at *8 (D.S.C. May 11, 2018) ("[The] motions to intervene are timely, as they were filed within twenty-two days of the filing of the initial complaint. No discovery has been conducted or dispositive motions decided.").

As to the second prong for intervention as a matter of right under *Houston Gen. Ins. Co.*, the SCRP's interest in this action "'must be direct, rather than remote or contingent.'" *S.C. Coastal*

*Conservation League*, 2018 WL 2184395, at *8 (quoting *Dairy Maid Dairy, Inc. v. United States*, 147 F.R.D. 109, 111 (E.D. Va. 1993)). The intervenor's interest must also be a "significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). As it outlined in its brief, the SCRP is tasked with "handling protest hearings stemming from election contests and deciding these cases" (ECF No. 28 at 2 (citing S.C. Code Ann. §§ 7-17-520 through -570 (West 2020))), and the court is persuaded that these protest hearings would be significantly affected by changes in state election law on the eve of the June primary. Therefore, the court finds that SCRP's role as overseer of both the June 9 political party primary and the party's candidates demonstrates the sufficiency of the SCRP's interest relating to the subject of the action.

The third requirement for intervention as a matter of right necessitates the SCRP demonstrating that the ability to protect its interest would be impaired if denied the ability to intervene. *See Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991). "This requirement is one of 'practical impairment.'" *Maxum Indem. Co. v. Biddle Law Firm, PA*, 329 F.R.D. 550, 555 (D.S.C. 2019) (citations omitted). Through the expression of its role in the party primary and its responsibility to Republican candidates (*see* ECF No. 28 at 2), the SCRP demonstrates how its desire to defend the challenged statutes practically diverges from that of Defendants. As a result, the court finds that the SCRP has sufficiently shown that its ability to protect its interest would be impaired if not allowed to intervene in this litigation.

Finally, as to the fourth requirement for intervention as a matter of right, the court observes that in assessing the adequacy of representation by the existing parties, "the burden on the applicant of demonstrating a lack of adequate representation 'should be treated as minimal.'" *Teague*, 931 F.2d at 262 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). However, "[i]n matters of public law litigation that may affect great numbers of citizens, it is the

government's basic duty to represent the public interest." *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013). "And the need for government to exercise its representative function is perhaps at its apex where, as here, a duly enacted statute faces a constitutional challenge." *Id.* "In such cases, the government is simply the most natural party to shoulder the responsibility of defending the fruits of the democratic process." *Id.*

In this matter, both the SCRP and Defendants want the court to sustain the statutes constitutionally challenged in the Complaint. Upon its review, the court observes that *Stuart* necessitates a finding that the SCRP's arguments regarding Defendants' neutral interests in defending the law (*see* ECF No. 11 at 4) do not demonstrate the necessary inadequacy of representation by the existing parties. *See Commonwealth of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (While the "burden of showing an inadequacy of representation is minimal . . . .[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance."). Accordingly, the court finds that the SCRP cannot intervene in this action as a matter of right. *See N.A.A.C.P.*, 413 U.S. at 369 (1973) (implying that the failure to satisfy one of the requirements for intervention as a matter of right is a sufficient reason for the court to deny intervention as a matter of right).

2. *Permissive Intervention*

Permissive intervention is appropriate when an intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court has discretion to allow permissive intervention. *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (citation omitted).

In its Motion to Intervene (ECF No. 11), the SCRP implores the court to allow it the

opportunity to defend the "Excuse Requirement" and the "Witness Requirement" from Plaintiffs' constitutional challenge. The SCRP persuasively argues the timeliness of its Motion and contends that its intervention would not "unduly delay or prejudice the adjudication of the original parties' rights," because it is ready "to meet the expedited briefing deadline of May 11, 2020 and be ready for a hearing on May 15, 2020." (*See* ECF No. 11 at 5.) Taking into consideration the factors for permissive intervention, the court finds that upon its consideration of the arguments presented by the SCRP, it should be allowed to permissively intervene in this case.

## V. CONCLUSION

For the reasons stated above, the court **GRANTS** the South Carolina Republican Party's Motion to Intervene pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 11.) The South Carolina Republican Party is subject to the same expedited scheduling previously entered by the court. (*See* ECF Nos. 27, 30.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 8, 2020
Columbia, South Carolina