IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mary T. Thomas, Nea Richard, Jeremy Rutledge, Trena Walker, Dr. Brenda Williams, and The Family Unit, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Marci Andino, as Executive Director of the State Election Commission, John Wells in his official capacity as Chair of SC State Election Commission, Clifford J. Edler and Scott Moseley in their official capacities as Members of the South Carolina State Election Commission, and Henry D. McMaster in his official capacity as Governor of South Carolina, <br><br> Defendants. | Civil Action No.: 3:20-cv-01552-JMC <br><br><br> **ORDER** |

Plaintiffs Mary T. Thomas, Nea Richard, Jeremy Rutledge, Trena Walker, Dr. Brenda Williams, and The Family Unit, Inc. (collectively "Plaintiffs") filed this action seeking declaratory, preliminary, and permanent injunctive relief from specified laws promulgated by the State of South Carolina regarding voting by absentee ballot. (ECF No. 1.) Specifically, due to an alleged vulnerability to COVID-19,[1] Plaintiffs challenge (1) "the requirement setting forth exclusive categories of "[p]ersons qualified to vote by absentee ballot," in South Carolina (the "Excuse Requirement")[,] S.C. Code Ann. § 7-15-320" and (2) the constitutionality of South Carolina's witness signature requirement on absentee ballots, codified at S.C. Code Ann. § 7-15-220 (the

---

[1] "The COVID-19 pandemic, also known as the coronavirus pandemic, is an ongoing pandemic of coronavirus disease 2019 ('COVID-19') caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2).” *COVID-19 pandemic*, https://en.wikipedia.org/wiki/COVID-19_pandemic #cite_note-auto-5 (last visited May 7, 2020).

1

"Witness Requirement[).]" (ECF No. 1 at 2 ¶ 3, 3 ¶ 4.)

This matter is before the court pursuant to Plaintiffs' Motion for an Order Requiring All Appearances at the May 15, 2020 Hearing be made by Telephone or by Videoconference.[2] (ECF No. 40.) In their Motion, Plaintiffs assert that "to assure that all parties are on an equal footing before the court," the court should order "all participants in the hearing be required to do so by telephone or by videoconference." (*Id.* at 1.) In support of Plaintiffs' Motion, counsel for Plaintiffs submitted a declaration identifying herself as an individual vulnerable to COVID-19. (*See* ECF No. 40-1.) Both Defendants and the Intervenor oppose Plaintiffs' Motion in reference to their participation in the hearing, but do not oppose counsel for Plaintiffs appearing remotely. (ECF Nos. 42, 43.)

## I.  ANALYSIS

In the United States District Court for the District of South Carolina, a court has discretion regarding whether to conduct a hearing on a pending motion. *See* Local Civ. Rule 7.08 (D.S.C.). In the age of COVID-19, this discretion has been enhanced in that in-court appearances are only allowable when specifically ordered by the presiding judge. *See In re: Court Operations in Response to COVID-19*, 3:20-mc-00139-RBH, ECF No. 1 (D.S.C. Apr. 14, 2020). In its discretion, the court has decided that the issues raised by Plaintiffs even in the age of COVID-19 warrant an in-court appearance. (*See* ECF No. 30.) However, because it is cognizant of ongoing safety concerns like those stated by Plaintiffs' counsel, the court will allow the hearing participants

---

[2] On May 15, 2020, the court has scheduled a hearing on Plaintiffs' Motion for Preliminary Injunction. (*See* ECF Nos. 7, 30.) Plaintiffs seek to enjoin "Defendants . . . and all persons acting in concert with each or any of them, from enforcing (a) the requirement that voters requesting a mail-in absentee ballot fall within a limited list of 'excuses,' which does not include self-isolation due to COVID-19, . . . , and (b) the requirement that voters mailing in absentee ballots must have another adult sign as a witness on the ballot's envelope, . . . ." (ECF No. 7 at 1.)

2

the freedom to choose whether to appear in person or remotely.  Therefore, the court **GRANTS IN PART** Plaintiffs' Motion and will allow their counsel to participate by telephone or by videoconference, but **DENIES IN PART** their Motion as it relates to other parties involved in this matter.  (ECF No. 40.)

In this regard, the court advises the parties that it is diligently implementing processes and procedures to ensure that it alleviates the concern of Plaintiffs' counsel that "all parties are on an equal footing before the court."  While the pandemic has limited situations where in-person interactions are appropriate, this court has maintained its readiness for public debate.  To this point, the court has designated what it believes to be a sufficient amount of time to allow all counsel the opportunity to argue their respective positions.  The court believes that this will ensure that the success or failure of any argument presented will not be dependent on whether the argument is made in person or remotely.

In exercising the aforementioned discretion, the court's primary concern is the safety and well-being of all involved.  The court will enforce the Standing Order prohibiting entry into the courthouse by the following:

> Persons who have been in any of the following countries or locations within the last 14 days: CHINA, SOUTH KOREA, JAPAN, ITALY, IRAN, EGYPT, WASHINGTON STATE, NEW ROCHELLE, NEW YORK . . .; Persons who reside or have had close contact with someone who has been in one of the countries or locations listed above within the last 14 days; Persons who have been asked to self-quarantine by any doctor, hospital, or health agency; Persons who have been diagnosed with, or have had contact with, anyone who has been diagnosed with COVID-19; [or] Persons with symptoms of COVID-19, such as fever, cough, or shortness of breath.

*In re: Restrictions on Visitors to Courthouses due to Coronavirus (COVID-19)*, 3:20-mc-00101-RBH, ECF No. 1 at 1–2 (D.S.C. Mar. 13, 2020).

For those attending the hearing in person, there will be available for use hand sanitizer, disinfectant spray, and a limited number of masks.  The court will have individual spots in the

courtroom marked off to ensure that all attending persons are at least six (6) feet apart.[3]  By this action, we believe Courtroom No. 1 can hold eighteen (18) attorneys and/or non-court personnel. If we need more than the eighteen (18) spots allocated in Courtroom No. 1, there is availability to utilize Courtroom No. 5 for additional persons.[4]

Due to these space limitations, and because it does not have a clear assessment of the number of participants between counsel and the parties that will attend in person, the court informs court security officials that the hearing will not be open to the general public.  The court will consider requests by media to attend in person, but these requests must be received by Karen Boston by telephone (803-253-3477) or by e-mail (Karen_Boston@scd.uscourts.gov) on or before Thursday, May 14, 2020, at 12:00 p.m.

For those participating in the hearing remotely, the Clerk's Office has been testing both our teleconferencing and videoconferencing capabilities.  To ensure that these systems run smoothly on May 15th, we will require your participation in pre-hearing testing.

## II.     CONCLUSION

In light of the foregoing observations, the court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for an Order Requiring All Appearances at the May 15, 2020 Hearing be made by Telephone or by Videoconference.  (ECF No. 40.)  The court in its discretion will allow the participants to choose whether to participate in the May 15, 2020 hearing in person or remotely.  The court **INSTRUCTS** each attorney to advise the court of their choice by contacting

---

[3] In its suggestions for slowing the spread of COVID-19, the Centers for Disease Control and Prevention ("CDC") advocates for "limiting face-to-face contact with others" by "[s]tay[ing] at least 6 feet (about 2 arms' length) from other people." *Coronavirus Disease 2019 (COVID-19)*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html  (last visited May 11, 2020).

[4] There will be a video monitor in Courtroom No. 5 to allow individuals to follow the proceedings.

4

Karen Boston by telephone (803-253-3477) or by e-mail (Karen_Boston@scd.uscourts.gov) on or before Wednesday, May 13, 2020, at 12:00 p.m.  Furthermore, as we approach the hearing date, the court anticipates entering an additional order providing the structure for the oral arguments.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 11, 2020
Columbia, South Carolina