UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARY T. THOMAS, NEA RICHARD, JEREMY RUTLEDGE, TRENA WALKER, THE FAMILY UNITY, INC., and the SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, | C/A No.: 3:20-cv-01552-JMC |
| Plaintiffs, | |
| v. | **STATE ELECTION COMMISSION DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| MARCI ANDINO, in her official capacity as Executive Director of the South Carolina State Election Commission; JOHN WELLS, in his official capacity as Chair of the South Carolina State Election Commission; JOANNE DAY, CLIFFORD J. ELDER, LINDA McCALL, and SCOTT MOSELEY, in their official capacity as members of the South Carolina Election Commission; and HENRY D. McMASTER, in his official capacity as Governor of South Carolina, | |
| Defendants. | |

John Wells, Clifford J. Edler, Scott Moseley, JoAnne Day and Linda McCall (collectively "Commission") and Marci Andino ("Andino" or "Executive Director") (collectively the Commission and Andino are referred to as the "Election Defendants"), all of whom have been sued in their official capacities with the State Election Commission, submit this answer to the First Amended Complaint:

## PRELIMINARY STATEMENT

The Election Defendants deny that the Plaintiffs are entitled to any relief. Neither the facts nor the law supports their claims. The Plaintiffs challenge two of South Carolina's long standing absentee-voting requirements—S.C. Code § 7-15-320 ("Qualification Requirement") and S.C. Code §§ 7-15-220 and 7-15-380 ("Witness Requirement")—based solely on the effect they allege COVID-19 will have on a qualified elector's ability to vote absentee as opposed to in person.

Section 7-15-320 allows an otherwise qualified elector to qualify to vote absentee (by mail or in person at an approved site before Election Day) if the voter qualifies for one of the fifteen listed categories. The Plaintiffs allege that in the face of COVID-19, S.C. Code § 3-15-320 "unreasonably burdens their fundamental right to vote" when following Governor McMaster's "home or work" order and practicing social distancing.

Sections 7-15-220 and 7-15-380 require a person voting by absentee mail in ballot to have his or her oath of office witnessed. Again, in light of COVID-19, the Plaintiffs allege that the Witness Requirement is a constitutionally unreasonable requirement and is a test or device that violates Sections (3)(b) and 201 of the Voting Rights Act.

It is only the advent of COVID-19 that has brought these legal challenges to the long held and, until now, unchallenged provisions of South Carolina law.

The Commission, as a state agency, its Commissioners, and Andino, as its Executive Director, have only the statutory authority expressly conferred or

necessarily implied for them to effectively fulfill the duties they have been given by the General Assembly. As an executive branch of state government, neither the Commission nor Andino have the authority to modify the plain meaning of statutes or to add to or otherwise modify statutes, particularly not on a temporary basis, as requested in this case.

**FOR A FIRST DEFENSE**

Each allegation in the text and in any footnote in the First Amended Complaint  not specifically admitted in this Answer is expressly denied. The headings in the First Defense are quotations from the First Amended Complaint and are included solely for ease of reference. To the extent any of these headings contains an allegation against these Election Defendants, the allegations are denied.

In response to the Paragraphs in the First Amended Complaint:

1.      Paragraph 1 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 1 contains factual allegations against any of the Election Defendants to which a response is required, the allegations are denied.  To the extent Paragraph 1 references, describes, or depends on the March 15, 2020 "Updates, Securing South Carolina Elections, SC votes.org" from the South Carolina Election Commission, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations. To the extent Paragraph 1 relies on Governor McMaster's "home

3

or work" order, or any subsequent order or orders, Governor McMaster lifted the 'home and work" order effective May 4, 2020, and the Election Defendants crave reference to Governor McMaster's Executive Order 2020-31 and any subsequent order(s) and deny any inconsistent allegations or characterizations. To the extent Paragraph 1 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

2.      Paragraph 2 of the First Amended Complaint is denied.

3.      The first sentence of Paragraph 3 of the First Amended Complaint is a statement of Plaintiffs' legal contentions to which no response is required.  The remainder of Paragraph 3 contains allegations about provisions of the S.C. Code and recent legislation.  The Election Defendants crave reference to those statutory provisions and deny any inconsistent allegations or characterizations. To the extent Paragraph 3 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.  The Election Defendants aver that the provisions of S.C. Code § 7-15-320 set forth qualification requirements for a South Carolina elector to available himself or herself of the absentee ballot requirements of the State's Election Laws. As to the second sentence of Paragraph 3, the Election Defendants admit that if a duly registered voter does not qualify under one of the requirements listed in sections 7-15-110 or 7-15-320, the voter has to vote in person on Election Day.

4.    The first sentence of Paragraph 4 of the First Amended Complaint contains allegations about the content of court filings and transcripts.  Election Defendants crave reference to the actual filed documents and transcripts and deny all inconsistent allegations.  The remainder of Paragraph 4 consists of statements of Plaintiffs' legal contentions, legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 4 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.

5.    The first sentence of Paragraph 5 of the First Amended Complaint is a statement of Plaintiffs' legal contentions to which no response is required.  To the extent Paragraph 5 contains factual allegations against any of the Election Defendants to which a response is required, the allegation is denied.  To the extent Paragraph 5 relies on S.C. Code § 7-15-220, and/or provisions of the Voting Rights Act, or the Americans with Disabilities Act, the Election Defendants crave reference to those statutes and applicable federal law interpreting same, and deny any inconsistent allegations or characterizations. To the extent Paragraph 5 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

6.    Paragraph 6 of the First Amended Complaint is denied. To the extent Paragraph 6 of the First Amended Complaint relies on data from the U.S. Census

Bureau, the Election Defendants crave reference to the official U.S. census data and deny any inconsistent allegations or characterizations.

7.    Paragraph 7 of the First Amended Complaint contain allegations concerning the Findings of Fact, Conclusions of Law, and Order and Opinion Granting in Part Motion for Preliminary Injunction, entered by the Court on May 25, 2020 as ECF No. 65. The Election Defendants crave reference to the provisions of that Order and deny any inconsistent allegations. Election Defendants admit that they complied with and implemented that Order.

8.    Paragraph 8 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact, and characterizations of historical events having no relevance to the legal issues in the Amended Complaint. To the extent Paragraph 8 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 8 relies on section 2 of the Voting Rights Act, the Election Defendants crave reference to section 2 of the Voting Rights Act and deny any inconsistent allegations or characterizations. To the extent Paragraph 8 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

9.    Paragraph 9 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable

43805598 v1

issues, rather than allegations of fact. To the extent Paragraph 9 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 9 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

10.    Paragraph 10 of the First Amended Complaint consists of statements of Plaintiffs' legal contentions and legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 10 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent that Paragraph 10 relies on S.C. Code § 7-15-310, the Election Defendants crave reference to section 7-15-310 and deny any inconsistent allegations or characterizations. To the extent Paragraph 10 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 10 relies on actions by states other than the State of South Carolina, Election Defendants crave reference to the laws of those other states and deny any inconsistent allegations, and crave reference to the laws of the State of South Carolina as being the law binding on the Election Defendants. Only the Generally Assembly of South Carolina has the authority to "remedy" the laws of this State.

11.     In response to Paragraph 11 of the First Amended Complaint, Election Defendants admit that "election integrity is a critical interest." The remainder of the first sentence of Paragraph 11 and the remainder of the Paragraph consist of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 11 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 11 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 11 relies on actions by states other than the State of South Carolina, the Election Defendants crave reference to the laws of the State of South Carolina.

12.     As to Paragraph 12 of the First Amended Complaint, it consists of the Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' request for relief, which the Election Defendants assert should be denied.

## **PARTIES**

13.     As to Paragraph 13 of the First Amended Complaint, the Election Defendants admit that Plaintiff Mary Thomas is a registered South Carolina voter. As to the remaining allegations of the Paragraph, the Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied.

43805598 v1

14.    As to Paragraph 14 of the First Amended Complaint, the Election Defendants admit that Plaintiff Nea Richard is a registered voter in her hometown of Cross Hill, South Carolina. As to the remaining allegations of the Paragraph, the Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied.

15.    As to Paragraph 15 of the First Amended Complaint, the Election Defendants admit that Plaintiff the Reverend Jeremy Rutledge is a registered voter in Charleston County. As to the remaining allegations of the Paragraph, the Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied.

16.    As to Paragraph 16 of the First Amended Complaint, no response is required because Plaintiff Trena Walker is no longer a plaintiff in this case as a result of the filing on July 22, 2020 of a Stipulation of Dismissal, ECF No. 83.

17.    As to Paragraph 17 of the First Amended Complaint, the Election Defendants admit that Plaintiff Family Unit, Inc. is an entity incorporated in South Carolina. As to the remaining allegations of the Paragraph, the Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied.

18.    As to Paragraph 18 of the First Amended Complaint, the Election Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations and therefore they are denied.

43805598 v1

19.     As to Paragraph 19 of the First Amended Complaint, the Election Defendants deny that an entity named South Carolina State Conference of the NAACP is incorporated in South Carolina.  As to the remaining allegations of the Paragraph, the Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied.

20.     As to Paragraph 20 of the First Amended Complaint, the Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied.

21.     As to Paragraph 21 of the First Amended Complaint, the Election Defendants admit Andino is the executive director of and the chief administrative officer for the State Election Commission and sued in her official capacity. As to Andino's duties and responsibilities Election Defendants crave reference to S.C. Code § 7-3-20(C), which proscribes the Executive Director's duties and responsibilities[1] and deny any inconsistent allegations or characterizations. As a statutorily created position, the executive director possesses only those powers expressly conferred or necessarily implied for her effectively to fulfill the duties with which she is charged.

---

[1] The Executive Director's duties include, but are not limited to, supervising the conduct of the county boards of elections and voter registration (County Boards): maintaining a complete master list of qualified voters by county and precinct; furnish each County Board with a master list of all registered voters in the county at least ten days prior to each election; and serve as the chief state election official for implementing and coordinating the State's responsibilities under the National Voter Registration Act of 1993 and for the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA). S.C. Code § 7-3-20(C).

22.    As to Paragraph 22 of the First Amended Complaint, the Election Defendants admit that John Wells is the Chair of the South Carolina Election Commission and is sued in his official capacity. The Election Defendants admit that Clifford J. Edler, and Scott Moseley are members of the South Carolina Election Commission and are sued in their official capacities. The Election Defendants aver that Governor McMaster appointed JoAnne Day and Linda McCall on April 28, 2020 to fill the two vacancies on the Commission, and that Day and McCall are now members of the South Carolina Election Commission and are sued in their official capacities. As to the remaining allegations of the Paragraph, the Election Defendants crave reference to S. C. Code § 7-3-20 and the website cited in footnote 7 of the Paragraph and deny any inconsistent allegations or characterizations. "As a creature of statute, a regulatory body is possessed of only those powers expressly conferred or necessarily implied for it to effectively fulfill the duties with which it is charged." *Captain's Quarters Motor Inn, Inc. v. S.C. Coastal Council*, 306 S.C. 488, 490, 413 S.E.2d 13, 14 (1991); *see also S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Contro*l, 363 S.C. 67, 74, 610 S.E.2d 482, 485 (2005). The Commission has only that statutory authority granted to it by the General Assembly of South Carolina.

23.    As to Paragraph 23 of the First Amended Complaint, the Election Defendants admit that Henry D. McMaster is the Governor of South Carolina. To the extent that the remaining allegations of Paragraph 23 rely on Article IV, § 1 of the Constitution of South Carolina and S.C. Code § 1-3-430, the Election

43805598 v1

Defendants crave reference to Article IV, § 1 of the Constitution of South Carolina and S.C. Code § 1-3-430 and deny any inconsistent allegations or characterizations.

## JURISDICTION AND VENUE

24.    Paragraph 24 of the First Amended Complaint is a statement of the Plaintiffs' legal contentions to which no response is required. These Election Defendants do not contest whether this Court's subject matter jurisdiction is proper. The Election Defendants crave reference to 42 U.S.C. §§ 1983 and 1988 and 52 U.S.C. §§ 10301, 10302(b), and 10501.

25.    Paragraph 25 of the First Amended Complaint is a statement of the Plaintiffs' legal contentions to which no response is required. These Election Defendants do not contest whether this Court has personal jurisdiction over the Election Defendants is their official capacities.

26.    Paragraph 26 of the First Amended Complaint is a statement of the Plaintiffs' legal contentions to which no response is required. These Election Defendants do not contest whether declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, but deny that declaratory relief is proper in this case.

27.    Paragraph 27 of the First Amended Complaint is a statement of the Plaintiffs' legal contentions to which no response is required. These Election Defendants do not contest whether this Court's and venue is proper under 28 U.S.C. § 1391(b)(2).

43805598 v1

## STATEMENT OF FACTS

### I.    Transmission of COVID-19 and Public Health Guidelines

28.    Paragraph 28 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 28 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 28 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 28 relies on information from the United States Centers for Disease Control and Prevention (CDC) cited in footnote 8 to Paragraph 28, the Election Defendants crave reference to the cited website and current information available from the CDC, and deny any inconsistent allegations or characterizations.  The Election Defendants also aver that what is known about COVID-19 is developing and deny any allegations in Paragraph 28 that are based on outdated information.

29.    Paragraph 29 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 29 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 29 contains factual allegations about another person or entity, these Election Defendants lack

43805598 v1

knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 29 relies on information from the CDC cited in footnote 10, the Election Defendants crave reference to the cited website and current information available from the CDC and deny any outdated information, and any inconsistent allegations and characterizations.

30.    Paragraph 30 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 30 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 30 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 30 relies on information from the CDC cited in footnote 11 to Paragraph 30, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations, and deny any outdated information.

31.    Paragraph 31 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 31 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 31 contains factual allegations about another person or entity, these Election Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 31 relies on information from the CDC cited in footnotes 12 and 13, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations and deny any outdated information.

32.    Paragraph 32 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 32 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 32 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  For purposes of answering the First Amended Complaint, the Election Defendants assume that the citation in footnote 20 is intended to refer to the CDC website cited in footnote 19.

33.    Paragraph 33 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 33 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 33 contains factual allegations about another person or entity, these Election Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations.

34.    Paragraph 34 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 34 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 34 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent Paragraph 34 relies on information from the CDC cited in footnotes 19, 20 and 21 to Paragraph 34, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations and any outdated information.

35.    Paragraph 35 of the First Amended Complaint relies on information from the CDC cited in footnote 22 to Paragraph 35.  In response, the Election Defendants crave reference to the cited websites and deny any inconsistent allegations or characterizations and any outdated information.

36.    Paragraph 36 of the First Amended Complaint relies on information from the CDC cited in footnotes 23 and 24 to Paragraph 36.  In response, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations and any outdated information.

16

37.    Paragraph 37 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 37 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 37 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the CDC has issued recommendations, the Election Defendants crave reference to the CDC's current recommendations and deny all inconsistent allegations.

38.    Paragraph 38 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact, and allegations about events in other states. To the extent Paragraph 38 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 38 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

39.    Paragraph 39 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact, and allegations about events in another state. To the extent Paragraph 39 contains factual allegations against any of these Election

17

Defendants to which a response is required, the allegations are denied. To the extent Paragraph 39 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

40.    Paragraph 40 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact, and allegations about events in another state. To the extent Paragraph 40 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 40 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

41.    Paragraph 41 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact, and allegations about events in another state. To the extent Paragraph 41 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 41 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

## II.    COVID-19 in South Carolina.

42.    Paragraph 42 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 42 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 42 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

43.    Paragraph 43 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 43 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 43 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

44.    Paragraph 44 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 44 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 44 contains factual

19

allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 44 relies on information from DHEC cited in footnotes 37 and 38, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations, and any outdated information.

45.    Paragraph 45 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 45 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 45 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 45 relies on any of Governor McMaster's Executive Orders, the Election Defendants crave reference to the Executive Orders issued by Governor McMaster, and deny any inconsistent allegations or characterizations. The Election Defendants aver that Governor McMaster lifted the "Home or Work" order in Executive Order 2020-31.

46.    The Election Defendants admit that Governor McMaster issued Executive Order No. 2020-08 declaring a State of Emergency in South Carolina and crave reference to Executive Order No. 2020-08 and deny any inconsistent allegations or characterizations. The Election Defendants admit that President

Donald J. Trump proclaimed a National Emergency and crave reference to Proclamation No. 9994, 85 Fed. Reg. 15337 (2020), and deny any inconsistent allegations or characterizations.

47.     The Election Defendants admit that Governor McMaster issued Executive Order No. 2020-9 directing the closure of public school in South Carolina and crave reference to Executive Order No. 2020-9 and the website cited in footnote 42 of Paragraph 47 and deny any inconsistent allegations or characterizations.

48.     The Election Defendants admit that Governor McMaster's Executive Order No. 2020-9 postponed or rescheduled certain elections scheduled to be held in the state on or before May 1, 2020 and directed the State Election Commission to ensure that candidate filing periods and voter registration continue.  The Election Defendants crave reference to Executive Order No. 2020-9 and the website cited in footnotes 43 and 44 of Paragraph 48 and deny any inconsistent allegations or characterizations.

49.     The Election Defendants admit that President Trump approved a major disaster declaration for South Carolina and crave reference to the website cited in footnote 45 of Paragraph 49 and deny any inconsistent allegations or characterizations.

50.     The Election Defendants admit that Governor McMaster issued Executive Order No. 2020-15 and crave reference to Executive Order No. 2020-15 issued on March 28, 2020 and the website cited in footnote 46 of Paragraph 50, and deny any inconsistent allegations or characterizations.

21

51.     The Election Defendants admit that Governor McMaster issued Executive Order No. 2020-17 on March 31, 2020 directing the closure of "non-essential" business, which "non-essential" business were enumerated by Executive Order No. 2020-18, issued on April 4, 2020 and crave reference to Executive Orders No. 2020-17 and 2020-18 and the website cited in footnotes 47 of Paragraph 51 and deny any inconsistent allegations or characterizations.

52.     The Election Defendants admit Governor McMaster issued Executive Order No. 2020-21 mandating that "[a]ll South Carolinians remain at home or work unless visiting family, exercising or obtaining goods or services" on April 6, 2020 ("Home or Work Order" or "Executive Order No. 2020-21") and crave reference to Executive Orders No. 2020-21 and the website cited in footnotes 48 and 49 of Paragraph 52 and deny any inconsistent allegations or characterizations.

53.     Paragraph 53 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about Governor McMaster's Home and Work Order rather than allegations of fact. To the extent Paragraph 53 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 53 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 53 relies on Governor McMaster's Home or Work Order, the Election Defendants crave reference to Executive Order 2020-21

and deny any inconsistent allegations or characterizations in Paragraph 53 or in the article cited in footnotes 50 and 51.

54.     Paragraph 54 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about Governor McMaster's Home and Work Order rather than allegations of fact. To the extent Paragraph 54 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 54 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 54 relies on Governor McMaster's Home or Work Order, the Election Defendants crave reference to Executive Order 2020-21 and deny any inconsistent allegations or characterizations.

55.     Paragraph 55 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about actions taken by this Court rather than allegations of fact. To the extent Paragraph relies on the Court's orders, the Election Defendants crave reference to the Court's orders cited in footnotes 53 and 54 in Paragraph 55 and deny any inconsistent allegations or characterizations.

56.     As to Paragraph 56 of the First Amended Complaint, the Election Defendants admit that Governor McMaster sent a letter to the leadership of the General Assembly of South Carolina on May 14, 2020 and crave reference to the letter, but deny that a copy of that letter was attached to the First Amended

Complaint as an exhibit, and further deny any inconsistent allegations or characterizations.

57.    As to Paragraph 57 of the First Amended Complaint, the Election Defendants admit that Governor McMaster issued Executive Order No. 2020-28 on April 20, 2020 modifying and amending his Home or Work Order and crave reference to Executive Order No. 2020-28, cited in footnote 55 of Paragraph 57 and deny any inconsistent allegations or characterizations.

58.    As to Paragraph 58 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Orders 2020-29, 2020-30, and 2020-31, crave reference to those Executive Orders for their contents, and deny any inconsistent allegations or characterizations.

59.    As to Paragraph 59 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Order 2020-33, crave reference to that Order for its contents, and deny any inconsistent allegations or characterizations.

60.    As to Paragraph 60 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Order 2020-35, crave reference to that Order for its contents, and deny any inconsistent allegations or characterizations.

61.    As to Paragraph 61 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Order 2020-36, crave

43805598 v1

reference to that Order for its contents, and deny any inconsistent allegations or characterizations.

62.    As to Paragraph 62 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Order 2020-37, crave reference to that Order for its contents, and deny any inconsistent allegations or characterizations.

63.    As to Paragraph 63 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Order 2020-38, crave reference to that Order for its contents, and deny any inconsistent allegations or characterizations.

64.    As to Paragraph 64 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Order 2020-40 and crave reference to that Order for its contents.  Election Defendants deny any inconsistent allegations or characterizations.

65.    Paragraph 65 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 65 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 65 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

66.     To the extent Paragraph 66 of the First Amended Complaint contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 66 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

67.     To the extent Paragraph 67 of the First Amended Complaint contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 67 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

68.     As to Paragraph 68 of the First Amended Complaint, the Election Defendants admit Governor McMaster issued Executive Order 2020-42, crave reference to that Order for its contents, and deny any inconsistent allegations or characterizations.

69.     To the extent Paragraph 69 of the First Amended Complaint contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 69 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

43805598 v1

70. To the extent Paragraph 70 of the First Amended Complaint contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 70 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

### III. COVID-19's Impact on Black South Carolinians in Light of Ongoing and Historical Discrimination.

71. Paragraph 71 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 71 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 71 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 71 relies on information from the CDC cited in footnote 74 of Paragraph 71, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations and any outdated information.

72. Paragraph 72 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 72 contains factual allegations against any of these Election Defendants to which a response is

43805598 v1

required, the allegations are denied. To the extent Paragraph 72 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

73.     Paragraph 73 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 73 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 73 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 73 relies on information from the DHEC and the U.S. Census Bureau cited in footnotes 77 and 78 respectively of Paragraph 73, the Election Defendants crave reference to the cited websites and deny any inconsistent allegations or characterizations and any outdated information.

74.     Paragraph 74 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact and historical events having no relevance to the legal issues in the First Amended Complaint. To the extent Paragraph 74 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 74 contains factual allegations about another person or entity, these Election Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations.

## IV.    The COVID-19 Crisis and 2020 Elections in South Carolina.

75.    As to Paragraph 75 of the First Amended Complaint, the Election Defendants admit that elections are scheduled to take place in South Carolina before the end of the calendar year. To the extent Paragraph 75 relies on information from SCvotes cited in footnote 85 of Paragraph 75, the Election Defendants crave reference to the cited website and deny any inconsistent allegations or characterizations.

76.    As to Paragraph 76 of the First Amended Complaint, the Election Defendants admit that Andino wrote a letter to Governor McMaster, Senator Peeler, and Speaker Lucas (collectively McMaster, Peeler, and Lucas are referred to as "State Leaders") on March 30, 2020 ("Andino Letter"). The Election Defendants aver that the Andino Letter was sent by Andino in her capacity as the Executive Director of the State agency responsible for overseeing elections and not as letter from Commission members of the Commission. Andino wrote the Andino Letter in concert with her statutory duties pursuant to S.C. Code § 7-3-20(C). To the extent that Paragraph 76 relies on the Andino Letter, the Election Defendants crave reference to the Andino Letter and deny any inconsistent allegations or characterizations. The Election Defendants deny that the Andino Letter is attached as an exhibit to the First Amended Complaint.

43805598 v1

77.     Paragraph 77 of the First Amended Complaint relies in whole on the content of the Andino Letter and the Election Defendants crave reference to the Andino Letter and deny any inconsistent allegations or characterizations.

78.     Paragraph 78 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 78 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.  To the extent Paragraph 78 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 78 relies on information from the Andino Letter, the Election Defendants crave reference to the Andino Letter and deny any inconsistent allegations or characterizations. The Election Defendants deny that the Andino Letter made recommendations to the State Leaders to amend any existing South Carolina Election Laws.

79.     In response to Paragraph 79 of the First Amended Complaint, the Election Defendants crave reference to Defendant Andino's April 13, 2020 letter to South Carolina Attorney General Alan Wilson (ECF 46-8) and denying any inconsistent allegations.

80.     Paragraph 80 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 80 contains factual

allegations against any of these Election Defendants to which a response is required, the allegations are denied.  To the extent Paragraph 80 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. In response to Paragraph 80 of the First Amended Complaint, the Election Defendants crave reference to Defendant Andino's April 13, 2020 letter to South Carolina Attorney General Alan Wilson (ECF 46-8) and deny any inconsistent allegations.

81.     In response to Paragraph 81 of the First Amended Complaint, the Election Defendants crave reference to the April 6, 2020 letter from Katy Smith, President of SCARE, which is attached as Exhibit E to the Declaration of Marci Andino, filed May 11, 2020, ECF 46-7, and deny any inconsistent allegations.

82.     In Response to Paragraph 82 of the First Amended Complaint, the Election Defendants admit that SCARE is the South Carolina Association of Registrars and Election Officials and that Ms. Andino is the Election Commission's liaison to SCARE.

83.     In response to Paragraph 83 of the First Amended Complaint, the Election Defendants crave reference to the SCARE letter and deny any inconsistent allegations.  To the extent Paragraph 83 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.  To the extent Paragraph 83 contains factual allegations about another

31

person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

84.     In response to Paragraph 84 of the First Amended Complaint, the Election Defendants crave reference to the SCARE letter and deny any inconsistent allegations.  To the extent Paragraph 84 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.  To the extent Paragraph 84 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

85.     In response to Paragraph 85 of the First Amended Complaint, the Election Defendants crave reference to Senate Bill 635 and S.635 and deny any inconsistent allegations.

86.     In response to Paragraph 86 of the First Amended Complaint, the Election Defendants crave reference to the Court's May 25, 2020 Order, ECF No. 65, and deny any inconsistent allegations.  Election Defendants admit they complied with and implemented this order.

87.     In response to Paragraph 87 of the First Amended Complaint, the Election Defendants state the following.  The Commission, as a state agency, and Andino, as its Executive Director, have only the statutory authority expressly conferred or necessarily implied for them to effectively fulfill the duties they have been given by the General Assembly. As an executive branch of state government, neither the Commission nor Andino have the authority to modify the plain

32

meaning of statutes or to add to or otherwise modify statutes, particularly not on a temporary basis, as requested in this case.

88.     In response to Paragraph 88 of the First Amended Complaint, the Election Defendants admit that the rate of absentee voting in the June 9, 2020 primary was higher than the rate of absentee voting in the 2016 and 2018 primaries.

89.     The first sentence of Paragraph 89 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent the first sentence of Paragraph 89 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.  To the extent the first sentence of Paragraph 89 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.   The Election Defendants lack knowledge and information about the allegations in the second sentence of Paragraph 89.

90.     Paragraph 90 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 90 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.  To the extent Paragraph 90 contains factual allegations about another person or entity, these Election Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations.

## V.    South Carolina Absentee Voting Process

91.    As to Paragraph 91 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code § 7-15-320. The Election Defendants crave reference to S.C. Code § 7-15-320 and deny any inconsistent allegations or characterizations.

92.    As to Paragraph 92 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-320 and 7-15-310. The Election Defendants crave reference to S.C. Code §§ 7-15-320 and 7-15-310(4) and deny any inconsistent allegations or characterizations.

93.    In response to Paragraph 93 of the First Amended Complaint, the Election Defendants crave reference to Senate Bill 635 and S.635 and deny any inconsistent allegations.

94.    As to Paragraph 94 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-330 and 7-15-340. The Election Defendants crave reference to S.C. Code §§ 7-15-330 and 7-15-340 and deny any inconsistent allegations or characterizations.

95.    As to Paragraph 95 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code § 7-15-340 and references S.C. Code § 7-25-20. The Election Defendants crave reference to S.C. Code §§ 7-15-340 and 7-25-20 and deny any inconsistent allegations or characterizations.

96.    As to Paragraph 96 of the First Amended Complaint and it subparagraphs, the Paragraph appears to be paraphrasing the provisions of S.C. Code § 7-15-370, although the statute is not cited. The Election Defendants crave reference to S.C. Code § 7-15-370 and deny any inconsistent allegations or characterizations. To the extent that Paragraph 96 is not relying on section 7-15-370, the allegations are denied.

97.    As to Paragraph 97 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-220 and 7-15-380. The Election Defendants crave reference to S.C. Code §§ 7-15-220 and 7-15-380 and deny any inconsistent allegations or characterizations.

98.    As to Paragraph 98 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code § 7-15-385. The Election Defendants crave reference to S.C. Code § 7-15-385 and deny any inconsistent allegations or characterizations.

99.    As to Paragraph 99 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code § 7-15-420. The Election Defendants crave reference to S.C. Code § 7-15-420 and deny any inconsistent allegations or characterizations.

100.    As to Paragraph 100 of the First Amended Complaint, the Paragraph paraphrases the provisions of S.C. Code § 7-15-420. The Election Defendants crave reference to S.C. Code § 7-15-420 and deny any inconsistent allegations or characterizations.

101.   In response to the first sentence of Paragraph 101 of the First Amended Complaint, the Election Defendants crave reference to the Court's May 25, 2020 Order, ECF No. 65, and deny any inconsistent allegations.  In response to the second sentence of Paragraph 101, the Election Defendants crave reference to applicable South Carolina law and deny any inconsistent allegations or characterizations.   To the extent Paragraph 101 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied.  To the extent Paragraph 101 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

102.   As to Paragraph 102 of the First Amended Complaint, the Election Defendants aver that the South Carolina Election Law does not authorize county boards to provide notice to voters who return their absentee ballot envelopes with no witness signature and does not authorize county boards to allow a voter to correct his failure to follow the instructions accompanying the absentee ballots. *See* S.C. Code § 7-15-370. The Election Defendants crave reference to S.C. Code § 7-15-385 and deny any inconsistent allegations or characterizations.

**VI.    The Challenged Requirements Unduly and Unreasonably Burdens the Voting Rights of South Carolinians.**

**A.    The Excuse Requirement deprives many South Carolina voters, including Plaintiffs, of their fundamental right to vote.**

103.   Paragraph 103 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 103 contains

factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 103 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

104.    Paragraph 104 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 104 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 104 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 104 relies on the CDC guidelines cited in footnotes 95 and 23, the Election Defendants crave reference to the website cited in footnote 19 of Paragraph 34 and deny any inconsistent allegations or characterizations.

105.    Paragraph 105 of the First Amended Complaint consists of conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 105 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 105 contains factual allegations about another person or entity, these Election Defendants lack

43805598 v1

knowledge or information sufficient to form a belief as to the truth of the allegations.

106.    Paragraph 106 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 106 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 106 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 106 relies on S. C. Code § 7-15-320, Election Defendants crave reference to the S.C. Code § 7-15-320 and deny any inconsistent allegations or characterizations.

107.    Paragraph 107 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 107 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 107 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 107 relies on the Andino Letter, the Election Defendants crave reference to the Andino Letter and deny any inconsistent allegations or characterizations.

108.    The allegations of the first sentence of Paragraph 108 of the First Amended Complaint are denied.  Paragraph 108 consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 108 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 108 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 108 relies on the Andino Letter, the Election Defendants crave reference to the Andino Letter and deny any inconsistent allegations or characterizations.

109.    The allegations of the first sentence of Paragraph 109 of the Amended Complaint are denied.  Paragraph 109 consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 109 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 109 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

110.    The allegations of Paragraph 110 of the First Amended Complaint are denied.

43805598 v1

111.    The allegations of Paragraph 111 of the First Amended Complaint are denied.

112.    The allegations of Paragraph 112 of the First Amended Complaint are denied.

113.    In response to the first sentence of Paragraph 113 of the First Amended Complaint, the Election Defendants deny that the interpretation by other states under those state laws is relevant to the issues in this case.  Those other states' laws have no relevance to the legal issues regarding S.C. Code §§ 7-15-320, 7-15-220, and 7-15-380 as raised in the First Amended Complaint.  In response to the second sentence of Paragraph 113, Election Defendants crave reference to S. 635 and to the Court's May 25, 2020 Order, ECF No. 65, and deny any inconsistent allegations.

**B.    South Carolina's Witness Requirement will deny large numbers of eligible voters the right to vote yet provides only marginal benefits to the State.**

114.    Paragraph 114 of the First Amended Complaint relies on S. C. Code § 7-15-420, and the Election Defendants crave reference to S.C. Code § 7-15-420 and deny any inconsistent allegations or characterizations.

115.    Paragraph 115 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 115 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 115 contains factual

40

allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

116.   Paragraph 116 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 116 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 116 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

117.   Paragraph 117 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 117 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 117 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

118.   In response to Paragraph 118 of the First Amended Complaint, the Election Defendants crave reference the website cited in footnote 96 of Paragraph 118 and deny any inconsistent allegations or characterizations

119.    Paragraph 119 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 119 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 119 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 119 relies on data from the U.S. Census Bureau, the Election Defendants crave reference to the website cited in footnotes 97 and 98 of Paragraph 119 and deny any inconsistent allegations or characterizations.

120.    Paragraph 120 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 120 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 120 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 120 relies on data from the U.S. Census Bureau, the Election Defendants crave reference to the website cited in footnotes 99 and 100 of Paragraph 120 and deny any inconsistent allegations or characterizations.

43805598 v1

121.    Paragraph 121 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 121 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 121 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 121 relies on data from the CDC, the Election Defendants crave reference to the website cited in footnote 101 of Paragraph 121 and deny any inconsistent allegations or characterizations.

122.    Paragraph 122 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 122 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 122 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

123.    Paragraph 123 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 123 contains factual allegations against any of these Election Defendants to which a response is

43

required, the allegations are denied. To the extent Paragraph 123 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

124. Paragraph 124 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. To the extent Paragraph 124 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 124 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

125. Paragraph 125 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations about complex, nonjusticiable issues, rather than allegations of fact. The Election Defendants admit that protecting election integrity and preventing improper use of absentee ballots are valid governmental interest and aver that they are essential for South Carolina elections. To the extent Paragraph 125 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 125 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the

extent Paragraph 125 relies on the Andino Letter, the Election Defendants crave reference to the Andino Letter and deny any inconsistent allegations or characterizations. The Election Defendants deny that an exhibit is attached to the First Amended Complaint.

126.   The allegations of Paragraph 126 of the First Amended Complaint are denied.

127.   Paragraph 127 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations, rather than allegations of fact. To the extent Paragraph 127 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 127 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

128.   Paragraph 128 of the First Amended Complaint consists of legal conclusions, to which no response is required.

129.   As to Paragraph 129 of the First Amended Complaint the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-330, 7-15-370, and 7-15-385. The Election Defendants crave reference to S.C. Code §§ 7-15-330, 7-15-370, and 7-15-385 and deny any inconsistent allegations or characterizations.

130.   As to Paragraph 130 of the First Amended Complaint the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-385 and 7-15-410. The Election

Defendants crave reference to S.C. Code §§ 7-15-385 and 7-15-410 and deny any inconsistent allegations or characterizations.

131.    As to Paragraph 131 of the First Amended Complaint the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-810 and 7-15-410. The Election Defendants crave reference to S.C. Code §§ 7-15-810 and 7-15-410 and deny any inconsistent allegations or characterizations.

132.    As to Paragraph 132 of the First Amended Complaint the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-340 and 7-15-380. The Election Defendants crave reference to S.C. Code §§ 7-15-340 and 7-15-380 and deny any inconsistent allegations or characterizations.

133.    As to Paragraph 133 of the First Amended Complaint the Paragraph paraphrases the provisions of S.C. Code §§ 7-15-340 and 7-25-20. The Election Defendants crave reference to S.C. Code §§ 7-15-340 and 7-25-20 and deny any inconsistent allegations or characterizations.

134.    As to Paragraph 134 of the First Amended Complaint the Paragraph paraphrases the provisions of S.C. Code §§ 7-25-120 and 7-25-150. The Election Defendants crave reference to S.C. Code §§ 7-25-120 and 7-25-150 and deny any inconsistent allegations or characterizations.

135.    Paragraph 135 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations, rather than allegations of fact. To the extent Paragraph 135 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To

46

the extent Paragraph 135 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 135 relies on S.C. § 7-15-380, the Election Defendants crave reference to S.C. § 7-15-380 and deny any inconsistent allegations or characterizations.

136.    Paragraph 136 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations, rather than allegations of fact. To the extent Paragraph 136 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 136 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 136 relies on the Andino Letter, the Election Defendants crave reference to the Andino Letter and deny any inconsistent allegations or characterizations.

## **CLAIM FOR RELIEF**

### **COUNT ONE**

**Violation of the Fundamental Right to Vote**
**42 U.S.C. § 1983, First and Fourteenth Amendments to the U.S.**
**Constitution**

137.    As to Paragraph 137 of the First Amended Complaint, the Election Defendants reallege and reincorporate by reference all prior responses to the Paragraphs of this Amended Complaint.

138.    As to Paragraph 138 of the First Amended Complaint the Election Defendants admit that duly qualified South Carolina electors have a fundamental

right to vote under the First and Fourteenth Amendments of the U.S. Constitution. The remainder of Paragraph 138 is a legal conclusion to which no response is required.

139.    The Election Defendants deny the allegations of Paragraph 139 of the First Amended Complaint.

140.    The Election Defendants deny the allegations of Paragraph 140 of the First Amended Complaint.

## COUNT TWO

### Violations of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301

141.    As to Paragraph 141 of the First Amended Complaint, the Election Defendants reallege and reincorporate by reference all prior responses to the Paragraphs of this Complaint.

142.    As to Paragraph 142 of the First Amended Complaint, the Paragraph paraphrases the provisions of Section of the Voting Rights Act, 52 U.S.C. § 10301(a). The Election Defendants crave reference to Section 2 of the Voting Rights Act and deny any inconsistent allegations or characterizations.

143.    As to Paragraph 143 of the First Amended Complaint, the Paragraph quotes from the *League of Women Voters of North Carolina v. North Carolina,* 769 F.3d 224, 238–39 (4th Cir. 2014), discussing the provisions of section 2 of the Voting Rights Act, 52 U.S.C. § 10301(a). The Election Defendants crave reference to that case and deny any inconsistent allegations or characterizations.

144.    The Election Defendants deny the allegations of Paragraph 144 of the First Amended Complaint.

43805598 v1

145.    The Election Defendants deny the allegations of Paragraph 145 of the First Amended Complaint.

146.    Paragraph 146 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations, rather than allegations of fact. To the extent Paragraph 146 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 146 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

147.    Paragraph 147 of the First Amended Complaint consists of legal conclusions, editorial comments, and generalizations, rather than allegations of fact. To the extent Paragraph 147 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 147 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

148.    The Election Defendants deny the allegations of Paragraph 148 of the First Amended Complaint.

43805598 v1

## COUNT THREE

### Violations of Title II of the Americans with Disabilities Act
### (42 U.S.C. §§ 12131, *et seq.)*

149.    As to Paragraph 149 of the First Amended Complaint, the Election Defendants reallege and reincorporate by reference all prior responses to the Paragraphs of this Complaint.

#150 – 160.    The First Amended Complaint served on the Election Defendants, ECF 76, contains no paragraphs numbered 150 through 160.  The Election Defendants deny any allegations not contained in ECF 76.

161.    As to Paragraph 161 of the First Amended Complaint, the Paragraph paraphrases the provision of Title II of the ADA, 42 U.S.C. § 12132 and related regulations.   The Election Defendants crave reference to those statutory and regulatory provisions and deny any inconsistent allegations.

162.    As to Paragraph 162 of the First Amended Complaint, the Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162.

163.    As to Paragraph 163 of the First Amended Complaint, the Election Defendants deny the first sentence of Paragraph 163.  The remaining allegations of Paragraph 163 consists of legal conclusions, editorial comments, and generalizations, rather than allegations of fact. To the extent Paragraph 163 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 163 contains factual allegations about another person or entity, these Election

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent Paragraph 163 characterizes or paraphrases the provisions of a federal or state statute, the Election Defendants crave reference to the provisions of the statute and deny any inconsistent allegations.

164.    As to Paragraph 164 of the First Amended Complaint, the Election Defendants deny the first sentence of Paragraph 164.  The remaining allegations of Paragraph 164 consists of legal conclusions, editorial comments, and generalizations, rather than allegations of fact. To the extent Paragraph 164 contains factual allegations against any of these Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 164 contains factual allegations about another person or entity, these Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent Paragraph 164 characterizes or paraphrases the provisions of a federal or state statute, the Election Defendants crave reference to the provisions of the statute and deny any inconsistent allegations.

165.    The allegations of Paragraph 165 of the First Amended Complaint are denied.

166.    The Election Defendants deny the allegations of Paragraph 166 of the First Amended Complaint and crave reference to the information published on the Election Commission website.

167.    The allegations of Paragraph 167 of the First Amended Complaint are denied.

43805598 v1

168.    The allegations of Paragraph 168 of the First Amended Complaint are denied.

169.    Paragraph 169 of the First Amended Complaint contains a statement of law to which no response is required.    The Election Defendants deny that Plaintiffs are entitled to injunctive relief.

## FOR A SECOND DEFENSE

The Andino Letter addressed the current South Carolina Election Law enacted by the General Assembly that the Executive Director is charges by law with implementing and enforcing. *See* S.C. Code § 7-3-20(C)(1) (supervise the conduct of the County Boards with regard to the conduct of elections or the voter registration process). No state law authorizes either the Executive Director or the Commission to amend or modify the Election Law during an emergency.

The Andino Letter did not recommend that the State Leaders take specific action on the Election Law. Rather the Andino Letter requested that the State Leaders give consideration to making emergency changes to the Election Law and provided the State Leaders with options for such potential changes to existing laws. Only the General Assembly can amend or modify the Election Law.

There are bills pending in the South Carolina General Assembly that address modifications or amendments to existing South Carolina Election Laws. There bills are: S141 (allows counties to begin opening absentee ballots the day before the election); S142 (early voting without excuse); S331 (creates penalty for collecting/returning absentee ballots by person not authorized to do so); S628

52

(absentee voting in Presidential Preference Primary); S867 (challenges to an in-person absentee ballot made at the time the ballot is cast and allows counties to begin opening absentee ballots the day before the election); and H4215 (companion bill to S628).

### FOR A THIRD DEFENSE

Andino, on April 13, 2020, sent a request to Attorney General Alan Wilson for a formal opinion regarding his interpretation of section 7-15-310(4)'s "physically disabled persons" and whether, "consistent with the mandate of § 7-15-20[,] . . . voters staying home due to the pandemic qualify for absentee voting under this reason."

This case was filed on April 22, 2020, and the Election Defendants were not served with the Complaint until almost a week later. Consistent with the policy of the Attorney General's Office, the Attorney General declined to give an opinion on a pending legal action.

### FOR A FOURTH DEFENSE

The Plaintiffs' Complaint alleges no acts by any of these Election Defendants other than ministerial functions they are required by law to perform.

### FOR A FIFTH DEFENSE

On May 1, 2020 Governor McMaster announced, effective May 4, 2020 he was lifting the Home or Work Order. Executive Order No. 2020-31 was issued May 3, 2020. Executive Order No. 2020-31 deleted Section 1(B) and inserted the following:

> B.    I hereby urge any and all residents and visitors of the State of South Carolina to limit social interaction, practice "social distancing" in accordance with CDC guidance, and take every possible precaution to avoid potential exposure to, and to slow the spread of, COVID-

> 19, and further encourage residents and visitors of the State of South Carolina to limit their movements outside of their home, place of residence, or current place of abode (collectively, "Residence"), except as specified by this Order, for purposes of engaging in Essential Business, *Essential Activities*, or Critical Infrastructure Operations, as set forth below and as such terms are further defined herein.

Ex. 1, Exec. Order No. 2020-31, p. 4 § 1.A. (emphasis added) There is no mandatory Home or Work Order in effect in South Carolina.

Unless Governor McMaster declares a new emergency on or before May 12, 2020 and readopts this Executive Order, Executive Order No. 2020-31 expires as a matter of law. *See* S.C. Code § 25-1-440(a)(2).

This Executive Order "is not intended to create, and does not create, any individual right, privilege, or benefit, whether substantive or procedural, enforceable at law or in equity by any party against the State of South Carolina, its agencies, departments, political subdivision, or other entities, or any officers, employees or agents thereof, or any other person." Executive Order 2020-31, § 3(A).

## **FOR A SIXTH DEFENSE**

S.C. Code §§ 7-15-310(4) and 7-15-320 have been in State law since 1975. The legal efficacy of these provisions has not been challenged until this lawsuit. A witness requirement has been in State law since 1953 and in its current form since 1982. It also has not been challenged until this lawsuit. The Plaintiffs' claims are barred by the doctrine of laches.

43805598 v1

## FOR A SEVENTH DEFENSE

The Plaintiffs' Complaint presents nonjusticiable, political questions. The relief sought by the Plaintiffs asks this Court only for relief "while the risk of COVID-19 transmission in South Carolina remains". Compl. Prayer for Relief ¶¶ A and B. The Plaintiffs ask this Court to make a judicial determination as to the length of the risk of COVID-19 transmission by serving as "super legislature" or a "super executive." It is unclear from the First Amended Complaint whether the Plaintiffs are requesting this Court retain jurisdiction to determine when the risk of COVID-19 is sufficiently diminished to lift the injunction.

Further, the First Amended Complaint seeks preliminary and permanent injunction against the enforcement of S.C. Code §§ 7-15-320, 7-15-310, and 7-15-220, "at least while emergency orders concerning COVID-19 are in place and/or while public health officials continue to recommend social distancing practices due to the risk of community transmission of COVID-19." Compl. Prayer for Relief ¶ C.1 and 2. It is unclear from the First Amended Complaint whether the Plaintiffs are requesting this Court retain jurisdiction to determine when the public health officials cease recommending social-distancing practices to lift the injunction.

The determination as to the length of COVID-19 and its effects of the public health is a non-justiciable, political question.

43805598 v1

## **FOR AN EIGHTH DEFENSE**

Andino, through monies from the federal government, is taking aggressive measures to ensure the safety of voters, poll workers and election, officials alike. These measures include, but are not limited to:

- Holding weekly conference calls with county directors to educate them on Covid-19 and our activities;

- Developing a Covid-19 specific training for counties and poll workers;

- Ordering personal protective equipment for poll managers and county election officials, including, but not limited to, masks, glover, face shields, hand sanitizers;

- Ordering sneeze guards for polling places and county offices;

- Ordering signs for polling places to stress wearing masks and social distancing;

- Ordering tape so poll managers can mark six-foot distances, including providing string for easy measuring;

- Providing safety guidelines (based on CDC guidelines) in press releases and social media messaging that will be released closer to Election Day;

- Included safety guidelines (based on the CDC guidelines) in training for poll managers, clerks and polling place technician; and

- Encouraging voters in high-risk groups (based on the CDC guidelines) to vote absentee by mail or early.

  o  Requesting ballot early;

  o  If voting absentee in person, voting early;

  o  Asking counties to open absentee precincts May 1 or 4 (earlier than normal) to allow voters to avoid crowds;

  o  Asking counties to relocate absentee precinct if office does not permit social distancing due to size.

43805598 v1

## FOR A NINTH DEFENSE

The absentee voting provisions challenged in the First Amended Complaint are based on reasonable factors other than race or disability.

## FOR A TENTH DEFENSE

One or more of the Plaintiffs is not a qualified individual with a disability as defined by the Americans with Disabilities Act, as amended ("ADA").

**WHEREFORE**, the Election Defendants respectfully request that the Court deny the Plaintiffs' requested relief and award the Commission and Andino any relief the Court deems just.

Respectfully Submitted,

s/ Jane W. Trinkley
Jane W. Trinkley
Fed. ID No. 04143
Mary Elizabeth Crum
Fed. ID No. 372
Wm. Grayson Lambert
Fed. ID No. 11761
BURR & FORMAN LLP
Post Office Box 11390
Columbia, SC 29211
(803) 799-9800

Robert Bolchoz
ROBERT BOLCHOZ LLC
P.O. Box 6989
Columbia, SC 29260
(803) 790-7474

Karl Smith Bowers, Jr.
BOWERS LAW OFFICE
P.O. Box 50549
Columbia, SC 29250

43805598 v1

(803) 753-1099

Harrison D. Brant
STATE ELECTION COMMISSION
1122 Lady Street, Suite 500
Columbia, SC 29201
(803) 734-9063

*Counsel for Defendants Marci
Andino, John Wells, Clifford J.
Elder, Scott Moseley, JoAnne Day
and Linda McCall*

Dated: July 27, 2020
Columbia, SC

43805598 v1