IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARY T. THOMAS, NEA RICHARD, JEREMY RUTLEDGE, THE FAMILY UNIT, INC., and the SOUTH CAROLINA STATE CONFERENCE OF THE NAACP,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>MARCI ANDINO, in her official capacity as Executive Director of the South Carolina State Election Commission; JOHN WELLS, in his official capacity as Chair of the South Carolina State Election Commission; JOANNE DAY, CLIFFORD J. EDLER, LINDA McCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission; and HENRY D. McMASTER, in his official capacity as Governor of South Carolina,<br><br>　　　　　　　　　Defendants,<br><br>and<br><br>SOUTH CAROLINA REPUBLICAN PARTY<br><br>　　　　　　　Intervenor-Defendant. | Case No. 3:20-cv-01552-JMC<br><br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF INTERVENOR-DEFENDANT SOUTH CAROLINA REPUBLICAN PARTY** |

　　　　The intervenor–defendant, the South Carolina Republican Party (Republican Party), denies each and every allegation in the Plaintiffs' Amended Complaint not hereinafter specifically admitted, qualified, or explained, and further alleges in response thereto as follows:

**FOR A FIRST DEFENSE**

　　　　1.　　Responding to the allegations of Paragraph 1, the allegations consist of legal conclusions and generalizations rather than allegations of fact. To the extent Paragraph 1 contains

factual allegations to which a response is required, the Republican Party craves reference to the publications referenced in Paragraph 1.

2. The Republican Party denies the allegations contained in Paragraph 2.

3. Responding to the allegations of Paragraph 3, the allegations consist of legal conclusions and generalizations rather than allegations of fact. The Republican Party craves reference to the recently enacted law, S.365 and the statutes referenced in Paragraph 3. To the extent Paragraph 3 contains factual allegations to which a response is required, the allegations are denied.

4. Responding to the allegations of Paragraph 4, the allegations consist of legal conclusions and generalizations rather than allegations of fact. To the extent Paragraph 4 contains factual allegations to which a response is required, the allegations are denied.

5. Responding to the allegations of Paragraph 5, the allegations consist of legal conclusions and generalizations rather than allegations of fact. The Republican Party craves reference to the statutes referenced in Paragraph 5. To the extent Paragraph 5 contains factual allegations to which a response is required, the allegations are denied.

6. Responding to the allegations of Paragraph 6, the allegations consist of legal conclusions and generalizations rather than allegations of fact. To the extent Paragraph 6 contains factual allegations to which a response is required, the allegations are denied.

7. Responding to the allegations of Paragraph 7, the allegations of Paragraph 7 consist of generalizations rather than allegations of fact. To the extent Paragraph 7 contains factual allegations to which a response is required, the allegations are denied.

8. Responding to the allegations of Paragraph 8, the allegations consist of legal conclusions and generalizations rather than allegations of fact. The Republican Party craves

reference to section 2 of the Voting Rights Act. To the extent the allegations are inconsistent with section 2 of the Voting Rights Act, the allegations are denied.

9. Responding to the allegations of Paragraph 9, the allegations of Paragraph 9 consist of legal conclusions and generalizations rather than allegations of fact. To the extent Paragraph 9 contains factual allegations to which a response is required, the allegations are denied.

10. Responding to the allegations of Paragraph 10, the allegations of Paragraph 10 consist of legal conclusions and generalizations. To the extent Paragraph 10 contains factual allegations to which a response is required, the allegations are denied. The Republican Party craves reference to the statute referenced in Paragraph 10. To the extent the allegations are inconsistent with the statute, the allegations are denied.

11. Responding to the allegations of Paragraph 11, the allegations of Paragraph 11 consist of legal conclusions and generalizations. The Republican Party admits the clause "election integrity is a critical interest." To the extent the remainder of Paragraph 11 contains factual allegations to which a response is required, the allegations are denied.

12. Responding to the allegations of Paragraph 12, allegations consist of conclusions and generalizations to which no response is required. The Republican Party asserts the request for relief should be denied.

13. The Republican Party lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the factual allegations contained in Paragraph 13.

14. The Republican Party lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the factual allegations contained in Paragraph 14.

15. The Republican Party lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the factual allegations contained in Paragraph 15.

16. The Republican Party lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the factual allegations contained in Paragraph 16.

17. The Republican Party, upon information and belief admits the Plaintiff Family Unit, Inc. is an entity incorporated in South Carolina, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 17 and 18 and therefore denies the factual allegations.

18. The Republican Party, upon information and belief, admits the allegations of Paragraphs 19 and 20 that the South Carolina State Conference of the NAACP, is a nonprofit organization with branches and members throughout South Carolina; however, as to the remaining allegations are legal conclusions and generalizations so they do not require a response. To the extent a response is warranted, the Republican Party denies the allegations.

19. The Republican Party admits the allegations of Paragraphs 21, 22, and 23.

20. The allegations contained in Paragraphs 24, 25, 26 and 27 consist of legal conclusions and generalizations and do not require a response from the Republican Party. To the extent a response is required, the Republican Party denies the allegations.

21. The allegations contained in Paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41 are generalizations and do not warrant a response. The Republican Party craves reference to the publications referenced in Paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38,

39, 40 and 41. To the extent the allegations are inconsistent with the publications, the allegations are denied.

22. The Republican Party admits the allegations of Paragraph 42.

23. The allegations contained in Paragraphs 43 and 44 are conclusions and generalizations and do not require a response from the Republican Party. To the extent a response is required, the allegations are denied.

24. The Republican Party craves reference to Governor McMaster's Executive Orders referenced in Paragraphs 45, 46, 47, and 48. To the extent the allegations are inconsistent with Governor McMaster's Executive Orders, the allegations are denied.

25. The Republican Party craves reference to President Trump's Major Disaster Declaration for South Carolina referenced in Paragraph 49. To the extent the allegations are inconsistent with President Trumps declaration, the allegations are denied.

26. The Republican Party craves reference to Governor McMaster's Executive Order Nos. 2020-15, 2020-17, 2020-21 referenced in Paragraphs 50, 51, and 52. To the extent the allegations are inconsistent with Governor McMaster's Executive Order, the allegations are denied.

27. The Republican Party craves reference to Governor McMaster's "Home or Work" order referenced in Paragraphs 53 and 54. To the extent the allegations are inconsistent with Governor McMaster's Executive Orders, the allegations are denied

28. The Republican Party craves reference to the orders of this Court referenced in Paragraph 55. To the extent the allegations are inconsistent with the orders, the allegations are denied.

29. The Republican Party craves reference to Governor McMaster's April 16, 2020 letter to the South Carolina General Assembly referenced in Paragraph 56. To the extent the allegations are inconsistent with the letter, the allegations are denied.

30. The Republican Party craves reference to Governor McMaster's Executive Orders referenced in Paragraphs 57 through 64. To the extent the allegations are inconsistent with Governor McMaster's Executive Orders, the allegations are denied.

31. The Republican Party craves reference to the publications referenced in Paragraphs 65, 66, and 67. To the extent the allegations are inconsistent with the publications, the allegations are denied.

32. The Republican Party craves reference to Governor McMaster's Executive Order No. 2020-42 referenced in Paragraph 68. To the extent the allegations are inconsistent with Governor McMaster's Executive Order, the allegations are denied.

33. The Republican Party craves reference to the publications referenced in Paragraphs 69 and 70. To the extent the allegations are inconsistent with the publications, the allegations are denied.

34. The Republican Party craves reference to the publications referenced in Paragraphs 71, 72, 73, and 74. To the extent the allegations are inconsistent with the publications, the allegations are denied.

35. The Republican Party admits the allegations contained in Paragraph 75.

36. The Republican Party craves reference to Executive Director Marci Andino's March 30, 2020 letter referenced in Paragraphs 76, 77, and 78. To the extent the allegations are inconsistent with the Executive Director Andino's letter, the allegations are denied.

37. The Republican Party craves reference to Executive Director Marci Andino's April 13, 2020 letter referenced in Paragraphs 79 and 80. To the extent the allegations are inconsistent with the Executive Director Andino's letter, the allegations are denied.

38. The Republican Party craves reference to the South Carolina Association of Registration and Election Officials, Inc. (SCARE) April 6, 2020 letter referenced in Paragraph 81. To the extent the allegations are inconsistent with the SCARE letter, the allegations are denied.

39. The allegations contained in Paragraph 82 are conclusions and generalizations and do not require a response from the Republican Party. To the extent a response is required, the allegations are denied.

40. The Republican Party craves reference to the South Carolina Association of Registration and Election Officials, Inc. (SCARE) April 6, 2020 letter referenced in Paragraphs 83 and 84. To the extent the allegations are inconsistent with the SCARE letter, the allegations are denied.

41. The allegations contained in Paragraph 85 are conclusions and generalizations and do not require a response from the Republican Party. To the extent a response is required, the allegations are denied, and the Republican Party craves reference to the recently enacted law, S.635.

42. The allegations contained in Paragraph 86, 87, 88, 89 and 90 are conclusions and generalizations and do not require a response from the Republican Party. To the extent a response is required, the allegations are denied.

43. The Republican Party craves reference to the specific statues referenced and the recently enacted law, S.635, in Paragraphs 91, 92, 93, 94, and 95. To the extent the allegations are inconsistent with the statutes, the allegations are denied.

44. The Republican Party admits the allegations contained in Paragraphs 96 and 97.

45. The Republican Party craves reference to the specific statues referenced in Paragraphs 98, 99, 100, and 101. To the extent the allegations are inconsistent with the statutes, the allegations are denied.

46. The Republican Party denies the allegations contained in Paragraph 102.

47. The Republican Party craves reference to the publication referenced in Paragraph 103. To the extent the allegations are inconsistent with the publication, the allegations are denied.

48. The Republican Party craves reference to the Center of Disease Control and Prevention publication referenced in Paragraph 104. To the extent the allegations are inconsistent with the publication, the allegations are denied.

49. Responding to the allegations contained in Paragraph 105, the allegations are generalizations to which no response is required. To the extent a response is required, the allegations are denied.

50. The Republican Party craves reference to the statute referenced in Paragraph 106. To the extent the allegations are inconsistent with the statute, the allegations are denied.

51. The Republican Party craves reference to Executive Director Andino's Letter referenced in Paragraph 107. To the extent the allegations are inconsistent with the statute, the allegations are denied.

52. The Republican Party denies the allegations contained in Paragraphs 108, 109, 110, 111, and 112.

53. Responding to the allegations of Paragraph 113 the allegations are conclusions of law that have no relevance to the legal issues regarding South Carolina laws. As such the

Republican Party neither admits or denies. To the extent these allegations are deemed to be allegations of fact, the allegations are denied.

54.     The Republican Party craves reference to the statute referenced in Paragraph 114. To the extent the allegations are inconsistent with the statute, the allegations are denied.

55.     Responding to the allegations of Paragraph 115, the allegations are conclusions and generalizations, to which no response is required. To the extent a response is required, the allegations are denied.

56.     Responding to the allegations of Paragraph 116, the allegations are conclusions and generalizations, to which no response is required. To the extent a response is required, the allegations are denied.

57.     The Republican Party denies the allegations contained in Paragraph 117.

58.     The Republican Party craves reference to the publication referenced in Paragraph 118. To the extent the allegations are inconsistent with the publication, the allegations are denied.

59.     The Republican Party craves reference to the Census Bureau publication referenced in Paragraphs 119 and 120. To the extent the allegations are inconsistent with the publication, the allegations are denied.

60.     The Republican Party craves reference to the Center of Disease Control and Prevention publication referenced in Paragraph 121. To the extent the allegations are inconsistent with the publication, the allegations are denied.

61.     The Republican Party craves reference to the publication referenced in Paragraph 122. To the extent the allegations are inconsistent with the publication, the allegations are denied.

62.     The Republican Party denies the allegations contained in Paragraph 123.

63.     The Republican Party denies the allegations contained in Paragraph 124.

64. The Republican Party craves reference to the letter referenced in Paragraph 125. To the extent the allegations call for a legal conclusion and are inconsistent with the letter, the allegations are denied.

65. The Republican Party denies the allegations contained in Paragraph 126.

66. Responding to the allegations contained in Paragraph 127, the allegations are conclusions and generalizations to which no response is required. To the extent a response is required, the allegations are denied.

67. Responding to the allegations contained in Paragraph 128, the allegations are legal conclusions to which no response is required.

68. The Republican Party craves references to the statutes referenced in Paragraph 129, 130, 131, 132, 133, and 134. To the extent the allegations are inconsistent with the statutes, the allegations are denied.

69. The Republican Party denies the allegations in Paragraph 135.

70. The Republican Party craves reference to Executive Director Andino's letter referenced in Paragraph 136. To the extent the allegations are inconsistent with the publication, the allegations are denied. The remaining allegations are denied.

71. The Republican Party realleges and reincorporates by reference all prior responses to the Paragraphs of this Complaint.

72. The Republican Party admits duly qualified South Carolina electors have a fundamental right to vote under the First and Fourteenth Amendments of the U.S. Constitution. The remaining allegations in Paragraph 138 consist of legal conclusions to which no response is required.

73. The Republican Party denies the allegations contained in Paragraphs 139 and 140.

74. The Republican Party realleges and reincorporates by reference all previous responses to the Paragraphs of this Complaint.

75. The Republican Party craves reference to section 2 of Voting Rights Act as referenced in Paragraph 142. To the extent the allegations are inconsistent, the allegations are denied.

76. Responding to the allegations contained in Paragraph 143, the allegations are conclusions of law to which no response is required. The Republican Party craves reference to the *League of Women Voters of North Carolina v. North* Carolina,*769 F.3d 224, 238–39 (4th Cir. 2014)*. To the extent the allegations are inconsistent, the allegations are denied.

77. The Republican Party denies the allegations contained in Paragraphs 144 and 145.

78. Responding to the allegations contained in Paragraphs 146 and 147, the allegations are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

79. The Republican Party denies the allegations contained in Paragraph 148.

80. The Republican Party realleges and reincorporates by reference all previous responses to the Paragraphs of this Complaint.

81. The Republican Party craves reference to Title II of the ADA and U.S.C. as referenced in Paragraph 161. To the extent the allegations are inconsistent, the allegations are denied.

82. Responding to the allegations of Paragraph 162, the Republican Party is without information sufficient to form a belief; thus, the allegations are denied.

83. The Republican Party denies the allegations of Paragraphs 163, 164, and 165.

84. Responding to the allegations contained in Paragraph 166, the Republican Party is without information sufficient to forma a belief, thus, the allegations are denied.

85. The Republican Party denies the allegations of Paragraphs 167 and 168.

86. The Republican Party craves reference to the terms of the ADA referenced in Paragraph 169. To the extent the allegations are inconsistent with the terms of the ADA, the allegations are denied.

87. The Republican Party denies the allegations contained in the Prayer for Relief.

**FOR A SECOND DEFENSE**

88. The Plaintiffs' Complaint fails to allege facts sufficient to state any claims upon which relief may be granted and, therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**FOR A THIRD DEFENSE**

89. The Plaintiffs are not entitled to an injunction of any kind because they are not likely to succeed on the merits, they cannot demonstrate irreparable harm, the balance of the equities does not tip in their favor, and an injunction would not be in the public interest.

**FOR A FOURTH DEFENSE**

90. The Plaintiffs' claim for injunctive relief fails because they seek relief that violates the separation of powers, federalism, and comity doctrines.

**FOR A FIFTH DEFENSE**

91. The Plaintiffs' claims are barred by the doctrines of waiver, laches, estoppel, and unclean hands.

**FOR A SIXTH DEFENSE**

92. On May 1, 2020, Governor McMaster announced, effective May 4, 2020, he was lifting the Home or Work Order. Executive Order No. 2020-31 was issued May 3, 2020. There is currently no mandatory Home or Work Order in effect in South Carolina. Executive Order No. 2020-31 "is not intended to create, and does not create, any individual right, privilege, or benefit, whether substantive or procedural, enforceable at law or in equity by any party against the State of South Carolina, its agencies, departments, political subdivision, or other entities, or any officers, employees or agents thereof, or any other person." S.C. Governor, Executive Order 2020-31, § 3(A) (May 3, 2020).

**FOR A SEVENTH DEFENSE**

93. The Plaintiffs' Complaint presents nonjusticiable, political questions. The reliefs sought by the Plaintiffs ask this Court only for relief "while the risk of COVID-19 transmission in South Carolina remains." First Amended Compl. Prayer for Relief ¶¶ A and B. It is not clear whether the Plaintiffs are requesting this Court to retain jurisdiction to determine when the risk of COVID-19 is sufficiently diminished to lift the injunction. The determination as to the length of COVID-19 and its effects of the public health is a non-justiciable, political question.

**FOR A EIGHTH DEFENSE**

94. One or more of the Plaintiffs is not a qualified individual with a disability as defined by the ADA, as amended.

**FOR A NINTH DEFENSE**

95. The Republican Party expressly reserves the right to assert any and all additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, the intervenor–defendant, the Republican Party, prays that the Plaintiffs' First Amended Complaint be dismissed, with costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, LLC

By: */s/ Robert E. Tyson, Jr.*
    Robert E. Tyson, Jr.
    Fed. ID No. 7815
    Vordman Carlisle Traywick, III
    Fed. ID No. 12483
    1310 Gadsden Street
    Post Office Box 11449
    Columbia, South Carolina 29201
    (803) 929-1400
    rtyson@robinsongray.com
    ltraywick@robinsongray.com

*Counsel for Intervenor-Defendant, South Carolina Republican Party*

Columbia, South Carolina

July 28, 2020