# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Mary T. Thomas, Nea Richard, Jeremy Rutledge, The Family Unit, Inc., and South Carolina State Conference of the NAACP, <br><br> Plaintiffs, <br><br> v. <br><br> Marci Andino as Executive Director of the State Election Commission, John Wells in his official capacity as Chair of SC State Election Commission, and Clifford J. Edler, Scott Moseley, JoAnne Day, and Linda McCall in their official capacities as Members of the South Carolina State Election Commission, <br><br> Defendants, <br><br> v. <br><br> South Carolina Republican Party, James H. Lucas in his capacity as Speaker of the South Carolina House of Representatives, and Harry Peeler in his capacity as President of the South Carolina Senate, <br><br> Intervenors. | Civil Action No.: 3:20-cv-01552-JMC <br><br><br><br><br> **ORDER AND OPINION** |

Plaintiffs Mary T. Thomas, Nea Richard, Jeremy Rutledge, The Family Unit, Inc., and South Carolina State Conference of the NAACP (collectively, "Plaintiffs") filed this action seeking declaratory and injunctive relief from certain South Carolina voting requirements during the ongoing COVID-19 pandemic. (ECF No. 76 at 1-6 ¶¶ 1-12.) Defendants in this matter include Marci Andino, John Wells, Clifford J. Edler, Scott Moseley, JoAnne Day, and Linda McCall (collectively, "Defendants"). Furthermore, the South Carolina Republican Party ("SCGOP"),

1

Speaker of the South Carolina House of Representatives James H. Lucas ("Speaker Lucas"), and President of the South Carolina Senate Harvey Peeler ("President Peeler") (collectively, "Intervenors") have all intervened in the case.

For the reasons discussed below, the court *sua sponte* **STAYS** the instant proceedings, including trial, and holds in abeyance all pending motions, including Defendants' Motion for Summary Judgment (ECF No. 108) and SCGOP's Motion for Summary Judgment (ECF No. 109).

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs challenge two provisions related to absentee voting in South Carolina, including: the requirement that only voters who fall into statutorily defined categories may vote absentee ("Excuse Requirement"); and the requirement that another individual must witness a voter's signature on an absentee ballot envelope for the ballot to be counted ("Witness Requirement") (collectively, "Challenged Provisions"). S.C. Code Ann. § 7-15-320 (2014); S.C. Code Ann. § 7-15-420 (2006). Plaintiffs allege the application of these provisions during the COVID-19 pandemic violates the United States Constitution and federal law, and seek relief "at least while emergency orders concerning COVID-19 are in place and/or while public health officials continue to recommend social distancing practices due to risk of community transmission of COVID-19." (ECF No 76 at 55-56.)

"The COVID-19 pandemic, also known as the coronavirus pandemic, is an ongoing pandemic of coronavirus disease ('COVID-19') caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2)." *COVID-19 pandemic*, https://en.wikipedia.org/wiki/COVID-19_pandemic (last visited Sept. 11, 2020). The COVID-19 virus is primarily spread by "direct, indirect (through contaminated objects or surfaces), or close contact with infected people via mouth and nose secretions. These include saliva, respiratory secretions or secretion droplets."

*Q&A: How is COVID:19 transmitted?*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/question-and-answers-hub/q-a-detail/q-a-how-is-covid-19-transmitted (last visited Sept. 16, 2020). As of September 18, 2020, the United States had reported more than 6.6 million cases resulting in 196,277 deaths. *Cases and Deaths in the U.S.*, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/us-cases-deaths.html (last visited Sept. 18, 2020).

On September 15, 2020, the South Carolina General Assembly passed legislation suspending the Excuse Requirement by allowing all qualified voters to vote by absentee ballot for the November 2020 General Election due to the current state of emergency. H.B. 5305, 123rd Gen. Assemb. (S.C. 2020). The next day, Governor McMaster signed H.B. 5305 into law. *Id.*

On September 18, 2020, the court in a separate case enjoined the Witness Requirement for all South Carolina voters in the upcoming November 2020 General Election. *Middleton v. Andino*, No. 3:20-CV-01730-JMC, ECF No. 109, at *70-71 (D.S.C. Sept. 18, 2020).

## II.    DISCUSSION

Given the recent suspension of the Challenged Provisions for the November 2020 General Election, the court concludes the instant proceedings shall be stayed.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 335 (4th Cir. 2019).

The court may raise the issue of a stay *sua sponte*. *See Ashley v. Rushmore Loan Mgmt. Servs.*, LLC, No. 4:16-CV-01969-RBH, 2017 WL 1135294, at *4 (D.S.C. Mar. 27, 2017) ("Although the parties have not addressed the propriety of a stay, the [c]ourt may raise this issue

*sua sponte*."); *Rice v. Astrue*, No. 4:06-CV-02770-GRA, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) (*sua sponte* holding motion for attorney fees in abeyance until an appellate court ruled on a related matter); *Collins v. S.C. Pub. Serv. Auth.*, No. 2:05CV03494 PMD, 2006 WL 1851305, at *2 (D.S.C. June 30, 2006) (*sua sponte* holding motion in abeyance until the defendant's appeal involving similar issues was resolved); *Travelers Indem. Co. Of Ill. v. Hardwicke,* 339 F. Supp. 2d 1127, 1134 (D. Colo. 2004) (*sua sponte* staying several counterclaims pending outcome of other counterclaims).

Whether a federal district court should issue a stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis*, 299 U.S. at 254). The court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55 (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it[.]" *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 862 (9th Cir. 1979). Whether to grant a stay is within the "sound discretion" of the court. *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (citation and internal marks omitted).

Here, the court stays the instant proceedings because, while Plaintiffs seek relief beyond the November 2020 General Election, their claims were principally tied to the upcoming election. The suspension of the Challenged Provisions for the November 2020 General Election has all but mooted Plaintiffs' claims at this point, as future statewide elections in South Carolina have not yet been scheduled and the trajectory of the ongoing COVID-19 pandemic in the meantime is decidedly unclear. Ruling motions and conducting trial in the coming days—when the impact of

COVID-19 on future South Carolina elections is too far removed and uncertain to be determined—would be unfair to Plaintiffs and an inefficient expenditure of judicial resources by the court.

Defendants and Intervenors do not appear burdened by this stay. Intervenors have previously argued the court should stay or decline to review this case based on various abstention doctrines and non-justiciable political questions, while simultaneously pointing to related matters pending before the General Assembly and South Carolina Supreme Court for support. (ECF Nos. 109 at 12-14; 144 at 1-17; 146 at 2-6.) Such arguments suggest no harm would result from the instant stay. Relatedly, Defendants and Intervenors may seek appellate relief in *Middleton* regarding the court's decision to enjoin the Witness Requirement for the November 2020 General Election, as they are the defendants and intervenors in that suit as well. Furthermore, even if Defendants and Intervenors were burdened by this stay, it would be minimal when compared to the potential unfairness to Plaintiffs and inefficient use of judicial resources by the court.

### III.     CONCLUSION

For the reasons stated above, the court **STAYS** the instant proceedings, including trial, and holds in abeyance all pending motions, including Defendants' Motions for Summary Judgment (ECF No. 108) and SCGOP's Motion for Summary Judgment (ECF No. 109). When the impact of the COVID-19 pandemic or future statewide elections in South Carolina are sufficiently determinable, it shall be incumbent on Plaintiffs' counsel to notify the court of a request to lift the stay no later than three months before the next scheduled statewide election in South Carolina.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 18, 2020
Columbia, South Carolina