IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mary T. Thomas, Nea Richard, Jeremy Rutledge, The Family Unit, Inc., and the South Carolina State Conference of the NAACP,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Marci Andino, as Executive Director of the State Election Commission, John Wells in his official capacity as Chair of SC State Election Commission, and Clifford J. Edler, Scott Moseley, JoAnne Day, and Linda McCall in their official capacities as Members of the South Carolina State Election Commission,<br><br>　　　　　　　　　　　Defendants,<br><br>and<br><br>South Carolina Republican Party, James H. Lucas, in his official capacity as Speaker of the South Carolina House of Representatives, and Harvey Peeler, in his official capacity as President of the South Carolina Senate,<br><br>　　　　　　　　Intervenor-Defendants. | Civil Action No. 3:20-cv-01552-JMC<br><br><br><br><br><br>MOTION TO RECONSIDER AND LIFT STAY OR ENTER JUDGMENT IN FAVOR OF THE DEFENDANTS AND INTERVENOR-DEFENDANTS |

At the invitation of the South Carolina Democratic Party, the Democratic National Committee, and the DCCC in the *Middleton* case, the Court has allowed the plaintiffs in this case to achieve a political outcome which cannot and would not withstand scrutiny if this case proceeds to trial as scheduled. The Court should reconsider its order staying this matter, lift the stay, and either enter judgment in favor of the Defendants and Intervenor-Defendants or set the case for trial.

On June 15, 2020, the Court scheduled a trial on the merits of the Plaintiffs' challenge to the "witness requirement" to begin on Tuesday, September 22, 2020. Discovery is complete, dispositive motions in favor of the defense are fully briefed, and the parties argued those motions to the Court weeks ago. But instead of resolving those motions or allowing the case to proceed to trial as scheduled, the Court issued a preliminary injunction in the *Middleton* case—where hardly any discovery has taken place, no evidentiary hearing has been held, and no trial is scheduled until 2021—at 7:34 pm on Friday, September 19th. Eleven minutes later, it stayed the trial in this case on grounds that the *Middleton* injunction resolved the issues to be tried in this case. (Dkt. No. 178.)

The Court erred in short-circuiting the *Thomas* case—in which an actual evidentiary record would be created to demonstrate the illusory nature of the plaintiffs' claims—and effectively granting judgment in the plaintiffs' favor without them ever having to carry their burden of proving their case. To be sure, this case will have no practical effect in six weeks after the General Election, meaning that by virtue of the Court's eve-of-trial (and eve-of-election) injunction in *Middleton*, the *Thomas* plaintiffs get all of the relief they wanted without having to ever prove anything at all while the State is deprived of its right to defend its duly enacted voting requirement. This is unjust and an abuse of discretion.

Make no mistake: this case offered little prospect for the plaintiffs to prevail because having someone sign the exterior envelope of an absentee ballot before a voter mails it in is not a burden at all, much less a "severe burden." *See DNC v. Bostelmann*, Case No. 20-cv-249-wmc, 2020 WL 5627186, at *18–20 (W.D. Wis. Sept. 21, 2020) (rejecting a claim that Wisconsin's "witness requirement" is an unconstitutional burden under the *Anderson-Burdick* framework). Even as late as Friday, Mr. Rutledge withdrew as a plaintiff in this matter, acknowledging that he would have no problem finding a witness if he votes absentee. (Dkt. No. 175.)

The remaining plaintiffs cannot prove that it is a "severe burden" for them to have someone witness an absentee ballot: Ms. Richards and the SC-NAACP's representative testified that they actually voted in person during the June primaries, and all remaining plaintiffs are in face-to-face contact with others on a regular basis (including Ms. Thomas's landlord, who is also her lawyer in this case). Simply put, the notion that it is burdensome for these plaintiffs to have someone witness an absentee ballot is flawed, nor is there **_admissible evidence_** to support this notion. This Court would have to overcome a significant hurdle to conclude that the "witness requirement" amounts to a "severe burden."

The problem created by the absence of an evidentiary record is particularly acute with respect to the supposed burden here. The Court excused the *Thomas* plaintiffs from proving their case in deference to its preliminary determination in *Middleton* that the "witness requirement" was a "severe burden." In *Middleton*, a single plaintiff alleged that the "witness requirement" arose to a "severe burden" of constitutional proportions. (*See* Am. Compl. ¶¶ 11–20 (identifying Ms. Moore as the sole plaintiff in that case challenging the "witness requirement") (Dkt. No. 69 in *Middleton*).) But just yesterday, that same plaintiff did a media tour regarding this very litigation in which she sat unmasked, shoulder-to-shoulder on camera with her son:



3

*Federal Judge Says You Won't Need a Witness Signature for Your Absentee Ballot this November*, WIS-TV (Sept. 21, 2020), https://www.wistv.com/2020/09/21/federal-judge-says-you-wont-need-witness-signature-your-absentee-ballot-this-november/. Not only is *Middleton* an improper vehicle through which the Court should resolve the supposed constitutional issues here, it is questionable whether any *Middleton* plaintiff could show that getting a witness is burdensome.

Likewise, the State of South Carolina has an overwhelming interest in enforcing the "witness requirement." As Lt. Logan has testified via a declaration, the "witness requirement" is the key tool that law enforcement uses to investigate claims of absentee voter fraud. (Dkt. No. 94-2, ¶¶ 3–7.) To date, the Court has appeared to give little weight, if any, to this critical state interest, despite the fact that courts agree that voting fraud "is a serious problem" that is "facilitated by absentee voting." *Griffin v. Roupas*, 385 F.3d 1128, 1130–32 (7th Cir. 2004).

The Court's Orders instead indicate that it is of the view that the State is required to prove the presence of pervasive voting fraud to demonstrate that it has any interest in the "witness requirement." That is not the law. Putting aside burden-shifting concerns, courts around the country, including the Supreme Court itself, have recognized that election integrity is an important and compelling state interest, including the State's interest in ensuring that the citizenry has confidence in the outcome of an election:

> "A State indisputably has a compelling interest in preserving the integrity of its election process." Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy. Voter fraud drives honest citizens out of the democratic process and breeds distrust of our government. Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised.

*Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) (quoting *Eu v. San Francisco County Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989)). Removing one of the State's only tools for ensuring election integrity harms, not helps, the voting process in South Carolina.

Accordingly, if the Plaintiffs' claims survive summary judgment—they shouldn't—the Defendants and Intervenor-Defendants are prepared to fully discuss and illustrate at trial the important role the "witness requirement" plays in ensuring the integrity of South Carolina's elections. The attached proffer of Lt. Logan's testimony demonstrates how essential this part of South Carolina's absentee voting law is for the State to effectively deter election fraud, identify and investigate election fraud, reject unfounded allegations from sore losers, and promote confidence in election results. Likewise, the attached proffer of Dr. Salgado counters the plaintiffs' suggestion that having someone stand six feet away from a voter while signing the exterior envelope of an absentee ballot somehow creates a "severe" risk of the voter contracting Covid-19.

But through its injunction in *Middleton* and companion stay order in this case, both filed on the eve of trial, the Court has not only relieved the *Middleton* and *Thomas* plaintiffs from carrying their burden of proving a constitutional violation, it has also deprived the State of a chance to make an actual evidentiary record on its interest in enforcing the "witness requirement."

In so doing, the Court has discarded the near-unanimous voice of South Carolina's elected representatives when it comes to establishing the State's election laws in the face of Covid-19.[1] It has also unilaterally eliminated the State's primary tool for investigating (and either prosecuting or exonerating) claims of election fraud and ensuring integrity of the State's elections. Second-guessing a policy decision made by the people's representatives in the State House is not the role of the federal judiciary.

The Court's current scheduling of this case and the *Middleton* matter will do nothing but invite absentee voter fraud that will be nearly impossible to detect, investigate, or prosecute. It will

---

[1] R.149 passed unanimously in the South Carolina Senate, with a single dissenting vote in the South Carolina House, and was signed into law by the Governor. *See generally* H.5305 History, S.C. Legislature, https://www.scstatehouse.gov/billsearch.php.

undermine confidence in the results of South Carolina's upcoming elections.[2] And if left unaltered, the plaintiffs will get the very relief they wanted without ever having to actually present admissible evidence to carry their burden of proof.

This is not how "cases and controversies" are to be resolved. The Court should reconsider its stay order and either grant the pending dispositive motions or give the State its day in court and hold the plaintiffs to their high burden a proof—a burden they assuredly will be unable to meet.

*Signature Pages Attached*

---

[2] The Court's order in *Middleton* also risks creating significant voter confusion. By ordering immediate publication of the Court's injunction of the "witness requirement," the Court risks contradictory messages being published on the eve of the election, if the Fourth Circuit or Supreme Court stays the *Middleton* injunction. Assuming that were to happen, the Election Commission would have to withdraw the notices and publish new ones. Pursuant to R.149, absentee voting begins in earnest on October 5th.

Respectfully submitted,

        WOMBLE BOND DICKINSON (US) LLP

        By: /s/ M. Todd Carroll
            Federal Bar No. 9742
            todd.carroll@wbd-us.com
            Kevin A. Hall
            Federal Bar No. 5375
            kevin.hall@wbd-us.com
            1221 Main Street, Suite 1600
            Columbia, South Carolina 29201
            803-454-6504

*Attorneys for Senator Harvey Peeler, in his capacity as President of the South Carolina Senate*

NEXSEN PRUET, LLC

        By: /s/ Susan P. McWilliams
            Federal Bar No. 3351
            smcwilliams@nexsenpruet.com
            Sara S. Svedberg
            Federal Bar No. 11628
            ssvedberg@nexsenpruet.com
            Hamilton B. Barber
            Federal Bar No. 13306
            hbarber@nexsenpruet.com
            1230 Main Street, Suite 700
            Columbia, SC 29201
            803-253-8221

*Attorneys for Representative James H. "Jay" Lucas, in his official capacity as Speaker of the South Carolina House of Representatives*

BURR & FORMAN LLP

   By:/s/ Wm. Grayson Lambert
      Federal Bar No. 11761
      M. Elizabeth Crum
      Federal Bar No. 372
      Jane W. Trinkley
      Federal Bar No. 4143
      Post Office Box 11390
      Columbia, SC 29211
      803-799-9800

ROBERT BOLCHOZ LLC

      Robert Bolchoz
      P.O. Box 6989
      Columbia, SC 29260
      803-790-7474

BOWERS LAW OFFICE

      Karl S. Bowers, Jr.
      P.O. Box 50549
      Columbia, SC 29250
      803-753-1099

STATE ELECTION COMMISSION

      Harrison D. Brant
      1122 Lady Street, Suite 500
      Columbia, SC 29201
      803-734-9063

*Attorneys for the State Election Commission Defendants*

ROBINSON GRAY STEPP & LAFFITTE, LLC

By:/s/ Robert E. Tyson, Jr.
   Federal Bar No. 7815
   rtyson@robinsongray.com
   Robert E. Stepp
   Federal Bar No. 4302
   rstepp@robinsongray.com
   Vordman Carlisle Traywick, III
   Federal Bar No. 12483
   ltraywick@robinsongray.com
   1310 Gadsden Sreet
   P.O. Box 11449
   Columbia, SC 29201
   803-929-1400

*Attorneys for the South Carolina Republican Party*

September 22, 2020
Columbia, South Carolina