## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Mary T. Thomas, Nea Richard, The Family Unit, Inc., and South Carolina State Conference of the NAACP, | Civil Action No.: 3:20-cv-01552-JMC |
| Plaintiffs, | |
| v. | |
| Marci Andino as Executive Director of the State Election Commission, John Wells in his official capacity as Chair of SC State Election Commission, and Clifford J. Edler, Scott Moseley, JoAnne Day, and Linda McCall in their official capacities as Members of the South Carolina State Election Commission, | **ORDER** |
| Defendants, | |
| v. | |
| South Carolina Republican Party, James H. Lucas in his capacity as Speaker of the South Carolina House of Representatives, and Harry Peeler in his capacity as President of the South Carolina Senate, | |
| Intervenors. | |

Plaintiffs Mary T. Thomas, Nea Richard, The Family Unit, Inc., and South Carolina State Conference of the NAACP (collectively, "Plaintiffs") filed this action seeking declaratory and injunctive relief from certain voting requirements promulgated by the State of South Carolina. (ECF No. 76 at 1-6 ¶¶ 1-12.) Defendants in this matter include Marci Andino, John Wells, Clifford J. Edler, Scott Moseley, JoAnne Day, and Linda McCall (collectively, "Defendants"), while South Carolina Republican Party ("SCGOP"), Speaker of the South Carolina House of Representatives

James H. Lucas ("Speaker Lucas"), and President of the South Carolina Senate Harvey Peeler ("President Peeler") (collectively, "Intervenors") subsequently intervened in the case. (ECF Nos. 20, 140.)

Currently before the court is Plaintiffs' Motion to Consolidate Cases. (ECF No. 181.) Intervenor SCGOP has filed opposition to the Motion. (ECF No. 183.) For the reasons below, the court **DENIES** the Motion to Consolidate Cases. (ECF No. 181.)

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In their Amended Complaint, Plaintiffs challenge two provisions related to absentee voting in South Carolina, including: the requirement that only voters who fall into statutorily defined categories may vote absentee ("Excuse Requirement"); and the requirement that another individual must witness a voter's signature on an absentee ballot envelope for the ballot to be counted ("Witness Requirement") (collectively, "Challenged Provisions"). (ECF No. 76 at 48-54.) Plaintiffs allege the application of these provisions during the COVID-19 pandemic violates the United States Constitution and federal law, and seek relief "at least while emergency orders concerning COVID-19 are in place and/or while public health officials continue to recommend social distancing practices due to risk of community transmission of COVID-19." (*Id.* at 55-56.)

Relatedly, in *Middleton v. Andino*, the plaintiffs ("*Middleton* Plaintiffs") challenge four absentee voting provisions in South Carolina, including the Witness Requirement, the age restriction category within the Excuse Requirement, the date and time in which absentee ballots must be received to be counted, and the ban on candidates and paid campaign staff from returning completed absentee ballots. *Middleton v. Andino*, No. 3:20-CV-01730-JMC, ECF No. 109, at *1-2 (D.S.C. Sept. 18, 2020). Defendants and Intervenors are parties in both suits. (ECF No. 76.) *Middleton v. Andino*, 3:20-cv-01730-JMC, ECF No. 69.

The court previously consolidated the instant case and *Middleton* for the sole purpose of addressing two pending Motions for Preliminary Injunction. (ECF No. 63.) The court ruled on these Motions in one consolidated Order on May 25, 2020. (*Id.*)

Thereafter, the two cases separated primarily because Plaintiffs sought to proceed to trial before the November 2020 General Election. (ECF No. 181 at 4.) Accordingly, Plaintiffs followed an expedited scheduling order wherein discovery closed on August 3, 2020, and trial was set for September 22, 2020. (ECF Nos. 67, 70.) By contrast, the scheduling order in *Middleton* set the close of discovery as March 15, 2021, and trial on June 7, 2021. *Middleton v. Andino*, 3:20-cv-01730-JMC, ECF No. 54 (D.S.C. June 19, 2020).

On August 3, 2020, *Middleton* Plaintiffs filed a second Motion for Preliminary Injunction. *Middleton v. Andino*, 3:20-cv-01730-JMC, ECF No. 77. A week later in *Thomas*, Defendants and Intervenor SCGOP filed respective Motions for Summary Judgment. (ECF Nos. 108, 109.)

On September 15, 2020, the South Carolina General Assembly passed legislation suspending the Excuse Requirement by allowing all qualified voters to vote by absentee ballot for the November 2020 General Election due to the current state of emergency. H.B. 5305, 123rd Gen. Assemb. (S.C. 2020). The next day, Governor McMaster signed H.B. 5305 into law. *Id.*

On September 18, 2020, in *Middleton* the court enjoined the Witness Requirement for all South Carolina voters in the upcoming November 2020 General Election. *Middleton v. Andino*, No. 3:20-CV-01730-JMC, ECF No. 109, at *70-71 (D.S.C. Sept. 18, 2020).

Subsequently in *Thomas*, the court stayed the proceedings, including trial, and held all motions in abeyance. (ECF No. 178.) The court stayed the instant proceedings in part because Plaintiffs'

> claims were principally tied to the upcoming election. The suspension of the [Witness Requirement and Excuse Requirement] for the November 2020 General

> Election has all but mooted Plaintiffs' claims at this point, as future statewide elections in South Carolina have not yet been scheduled and the trajectory of the ongoing COVID-19 pandemic in the meantime is decidedly unclear. Ruling motions and conducting trial in the coming days—when the impact of COVID-19 on future South Carolina elections is too far removed and uncertain to be determined— would be unfair to Plaintiffs and an inefficient expenditure of judicial resources by the court.

(*Id.*)

Three days later, Plaintiffs filed the Instant Motion to Consolidate *Middleton* and *Thomas*. (ECF No. 181.) On the same date in *Middleton*, Defendants and Intervenors filed a notice of appeal regarding the court's Order enjoining the Witness Requirement. *Middleton v. Andino*, 3:20-cv-01730-JMC, ECF No. 111.

## II.     DISCUSSION

A district court does not have jurisdiction to consolidate an action before it with an action pending before an appellate court. *Jones v. South Carolina*, No. CV.A.2:01-00069-13AJ, 2001 WL 34553963, at *1 (D.S.C. July 5, 2001), *aff'd*, 26 F. App'x 329 (4th Cir. 2002) ("[T]his Court does not have jurisdiction over Petitioner's action that is pending before the Fourth Circuit. Thus, this Court is without jurisdiction to consolidate any action currently pending in the Fourth Circuit with any other action."); *Bergman v. City of Atl. City*, 860 F.2d 560, 565 (3d Cir. 1988) (noting "the district court does not have authority to consolidate actions for appeal").

Moreover, a matter is deemed pending before an appellate court when a notice of appeal is filed. *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal.") (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)).

Here, the court finds it does not have jurisdiction to consolidate the instant case with *Middleton*. A timely notice of appeal has been filed in *Middleton*, which placed it squarely before

the Fourth Circuit. *See Doe*, 749 F.3d at 258. As an interlocutory appeal in *Middleton* is currently pending, the court thus denies Plaintiffs' Motion to Consolidate Cases at this stage due to a lack of jurisdiction.[1] *See Jones*, 2001 WL 34553963, at *1 (denying motion to consolidate based on a lack of jurisdiction).

### III.     CONCLUSION

For the reasons stated above, the court **DENIES** the Motion to Consolidate Cases. (ECF No. 181.)

**IT IS SO ORDERED.**

United States District Judge

September 22, 2020
Columbia, South Carolina

---

[1] Likewise, the Fourth Circuit would determine whether to consolidate Plaintiffs' potential future appeals with *Middleton*. *United States v. Williamson*, 706 F.3d 405, 418 (4th Cir.2013) ("The authority of the Court of Appeals to consolidate appeals is constrained only by the requirement that 'the parties have filed separate timely notices of appeal'; consequently, any number of diverse and collateral matters may be consolidated for appeal.") (quoting Fed. R. App. P. 3(b)(2)).