UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARY T. THOMAS, *et al.*, | |
| Plaintiffs, | Case No. 3:20-cv-01552-JMC |
| v. | |
| MARCI ANDINO, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER**

Plaintiffs Mary Thomas, Nea Richard, The Family Unit, Inc., and South Carolina State Conference of the NAACP (collectively, "Plaintiffs"), submit this response in opposition to Defendants' motion to reconsider the Court's order staying this matter (ECF No. 178), via which Defendants seek to compel the Court to lift the stay and enter a judgment in favor of the Defendants or reset the case for trial.

As a threshold matter, in the Fourth Circuit motions to reconsider are "an extraordinary remedy" and should only be used "sparingly." *Fredrich v. DolgenCorp, LLC*, No. 3:13-cv-01072, 2014 U.S. Dist. LEXIS 150572, at *1-2 (D.S.C. Oct. 23, 2014) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)).[1] A motion to reconsider should be denied unless "(1) an intervening change in controlling law occurs; (2) additional evidence not

---

[1] Because "motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure," this Court has treated a motion to reconsider an order as a Rule 54(b) motion to revise an order, in turn looking to Rule 59(e)'s standards for instruction on Rule 54(b) motions to revise. *Id.*

1

previously available has been presented; or (3) the prior decision was based on clear error or would work manifest injustice." *Id.* (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). As Defendants' motion to reconsider demonstrates, these factors are plainly not applicable here. Rather, Defendants attempt to "rehash issues already ruled upon because [they] disagree[] with the result." *Id.* (citation omitted).

Defendants' central argument—that Plaintiffs faced dim prospects of success at trial—is unavailing. It is also belied by the record. The evidence showed that the Witness Requirement imposes a severe burden on the Plaintiffs.[2] *See* Thomas Decl., ECF No. 7-20; Richard Decl., ECF No. 7-19; Murphy Decl., ECF No. 7-17; Murphy Suppl. Decl. ECF No. 125-16; Williams Decl., ECF No. 7-22; Williams Suppl. Decl., ECF No. 125-27. Trial testimony would have further reinforced this point and would have demonstrated how the Witness Requirement interacts with social and historical conditions during the pandemic in a way that makes it more difficult for Black South Carolinians to participate in the political process and elect representatives of their choice than for white South Carolinians. Existing evidence in the record also overwhelmingly demonstrates that lifting the Witness Requirement for the 2020 November election does not undermine the asserted interest of protecting South Carolina's elections from absentee voter fraud. *See* ECF No. 125-4 at 3; ECF No. 125-5 at 65:11-21, 66:22-67:2, 130:19-

---

[2] In arguing that Plaintiffs are not burdened by the Witness Requirement, Defendants' motion highlights testimony from Ms. Nea Richard and Ms. Brenda Murphy indicating that both voted in person in a June primary. ECF No. 182 at 3. Putting aside the fact that, in South Carolina, the COVID-19 pandemic has only worsened since June 2020, Defendants' contention misses the point. As a poll worker, Ms. Richard reasonably fears overcrowded polls during a pandemic and is burdened by the Witness Requirement's increase of in-person voters on Election Day. Ms. Murphy testified as an organizational witness on behalf the South Carolina State Conference of the NAACP. The Witness Requirement severely burdens the SC NAACP directly and burdens the SC NAACP's membership, many of whom were specifically identified as injured in sworn statements.

25; ECF No. 125-6 at 33:12-23, 76:13-14, 75:14-76:11.[3]  The Court correctly recognized the that Defendants' asserted investigatory interests could not counterweigh the burdens that the Witness Requirement would impose on voters like Plaintiffs and the organizational Plaintiffs' members in its September 18, 2020 Order in *Middleton*.

While Plaintiffs stood ready to prove these points at trial, they do not object to the Court's proper exercise of its broad discretion to manage its docket.  *See Ryan v. Gonzales*, 568 U.S. 57, 74 (2013).  Moreover, reinstating a four-day trial onto the Court's calendar at this juncture would only "narrow the gap between trial and elections," which would "negatively impact how efficiently the court's potential rulings are implemented . . . ."  Order & Op. on Mots. to Intervene, ECF No. 140, at 7.

In sum, Defendants are incapable of meeting the high burden for a Rule 54(b) motion and are not entitled to judgment in their favor.  Defendants' motion to reconsider should be denied in its entirety.

---

[3] Facing this daunting record, Defendants attempt to submit additional evidence with their motion.  *See* ECF No. 182-1; *see also* ECF No. 182-2.  This submission is inappropriate as these statements are neither recently discovered nor were the declarants previously unavailable.  *See*, *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 703 (D.S.C. 2014) (denying Rule 54(b) motion to reconsider where plaintiffs failed to establish that the evidence was new or was previously unavailable).

Dated: September 23, 2020

Adriel I. Cepeda Derieux
Dale E. Ho
Sophia Lin Lakin
Theresa J. Lee
Ihaab Syed
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org
dho@aclu.org
isyed@aclu.org

Deuel Ross
J. Zachery Morris
Kevin Jason
**NAACP Legal Defense & Educational Fund, Inc**.
40 Rector Street, 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
dross@naacpldf.org

LaRue Robinson
Skyler Silvertrust
**Willkie Farr & Gallagher LLP**
300 North LaSalle Street
Chicago, IL 60654
Tel.: (312) 728 9000
lrobinson@willkie.com
ssilvertrust@willkie.com

Peter Lieb
Kyle Burns
M. Annie Houghton-Larsen
Romane Paul*
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Tel.: (212) 728 8000
kburns@willkie.com

Respectfully Submitted,

__/s/ Susan K. Dunn_____
Susan K. Dunn (Fed. Bar #647)
**American Civil Liberties Union
of South Carolina**
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
sdunn@aclusc.org

*Attorneys for Plaintiffs*

*Motion for admission *Pro Hac Vice* forthcoming

5