# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Mary T. Thomas, Nea Richard, The Family Unit, Inc., and South Carolina State Conference of the NAACP, <br><br> Plaintiffs, <br><br> v. <br><br> Marci Andino as Executive Director of the State Election Commission, John Wells in his official capacity as Chair of SC State Election Commission, and Clifford J. Edler, Scott Moseley, JoAnne Day, and Linda McCall in their official capacities as Members of the South Carolina State Election Commission, <br><br> Defendants, <br><br> v. <br><br> South Carolina Republican Party, James H. Lucas in his capacity as Speaker of the South Carolina House of Representatives, and Harry Peeler in his capacity as President of the South Carolina Senate, <br><br> Intervenors. | Civil Action No.: 3:20-cv-01552-JMC <br><br><br><br> **ORDER** |

  Plaintiffs Mary T. Thomas, Nea Richard, The Family Unit, Inc., and South Carolina State Conference of the NAACP (collectively, "Plaintiffs") filed this action seeking declaratory and injunctive relief from certain South Carolina voting requirements during the ongoing COVID-19 pandemic. (ECF No. 76 at 1-6 ¶¶ 1-12.)

  Pending before the court is a Motion for Reconsideration of Stay filed by Defendants Marci Andino, John Wells, Clifford J. Edler, Scott Moseley, JoAnne Day, and Linda McCall, as well as

1

Intervenors South Carolina Republican Party ("SCGOP"), Speaker of the South Carolina House of Representatives James H. Lucas ("Speaker Lucas"), and President of the South Carolina Senate Harvey Peeler ("President Peeler").[1] (ECF No. 182.) Plaintiffs filed a brief in opposition. (ECF No. 183.) For the reasons discussed below, the court **DENIES** the instant Motion. (ECF No. 182.)

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs challenge two provisions related to absentee voting in South Carolina, including: the requirement that only voters who fall into statutorily defined categories may vote absentee ("Excuse Requirement"); and the requirement that another individual must witness a voter's signature on an absentee ballot envelope for the ballot to be counted ("Witness Requirement") (collectively, "Challenged Provisions"). S.C. Code Ann. § 7-15-320 (2014); S.C. Code Ann. § 7-15-420 (2006). Plaintiffs allege the application of these provisions during the COVID-19 pandemic violates the United States Constitution and federal law, and seek relief "at least while emergency orders concerning COVID-19 are in place and/or while public health officials continue to recommend social distancing practices due to risk of community transmission of COVID-19."[2] (ECF No. 76 at 55-56.)

On September 15, 2020, the South Carolina General Assembly passed legislation suspending the Excuse Requirement by allowing all qualified voters to vote by absentee ballot for

---

[1] For the sake of simplicity, subsequent references to "Defendants" in the Order shall encompass all Intervenors as well.

[2] "The COVID-19 pandemic, also known as the coronavirus pandemic, is an ongoing pandemic of coronavirus disease ('COVID-19') caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2)." *COVID-19 pandemic*, https://en.wikipedia.org/wiki/COVID-19_pandemic (last visited Sept. 11, 2020). The COVID-19 virus is primarily spread by "direct, indirect (through contaminated objects or surfaces), or close contact with infected people via mouth and nose secretions. These include saliva, respiratory secretions or secretion droplets."[2] *Q&A: How is COVID:19 transmitted?*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/question-and-answers-hub/q-a-detail/q-a-how-is-covid-19-transmitted (last visited Sept. 16, 2020).

the November 2020 General Election due to the current state of emergency. H.B. 5305, 123rd Gen. Assemb. (S.C. 2020). The next day, Governor McMaster signed H.B. 5305 into law. *Id.*

On September 18, 2020, the court in a separate case enjoined the Witness Requirement for all South Carolina voters in the upcoming November 2020 General Election. *Middleton v. Andino*, No. 3:20-CV-01730-JMC, 2020 WL 5591590, at *38 (D.S.C. Sept. 18, 2020). On the same date, the court stayed the instant proceedings and held in abeyance all pending motions. (ECF No. 178.) Shortly thereafter, Defendants brought the instant Motion for Reconsideration. (ECF No. 182.)

Since Defendants filed the Motion for Reconsideration, several developments related to the Witness Requirement occurred at the appellate level in *Middleton*. Initially, a three-judge panel on the Fourth Circuit stayed the court's injunction prohibiting the Witness Requirement for the upcoming election. *Middleton v. Andino*, No. 20-2022, 2020 WL 5739010, at *1 (4th Cir. Sept. 24, 2020), *reh'g en banc granted, order vacated*, No. 20-2022, 2020 WL 5752607 (4th Cir. Sept. 25, 2020). The Fourth Circuit then *sua sponte* reconsidered the matter *en banc* and lifted the stay. *Id.* Thereafter, the Supreme Court of the United States reinstated the stay and in effect reimplemented the Witness Requirement for the 2020 General Election in South Carolina. *Andino v. Middleton*, No. 20A55, 2020 WL 5887393, at *1 (U.S. Oct. 5, 2020). The court's injunction in *Middleton* currently remains on appeal before the Fourth Circuit.

## II.     LEGAL STANDARD

Although not specified, it appears the instant Motion for Reconsideration is brought under Federal Rule of Civil Procedure 54(b). Rule 54(b) provides the following:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

3

Fed. R. Civ. P. 54(b). A federal district court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).

> Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops. Despite the inherent flexibility embodied within Rule 54(b), the United States Court of Appeals for the Fourth Circuit has mindfully cautioned that "the discretion afforded by Rule 54(b) 'is not limitless[.]'"

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). The Fourth Circuit has emphasized that a federal district court's revision pursuant to Rule 54(b) is "cabined . . . by treating interlocutory rulings as law of the case." *Carlson*, 856 F.3d at 325 (citations omitted). Although Rule 54(b) provides a federal district court with discretion to revisit an earlier ruling, "such discretion is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

Accordingly, as explicitly mandated by the Fourth Circuit, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Id.* (quoting *Carlson*, 856 F.3d at 325). While this standard resembles the standard under Rule 59(e), it accounts for "potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Carlson*, 856 F.3d at 325 (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Defendants seem to posit that the court committed a clear error of law or allowed

4

manifest injustice. (*See* ECF No. 182.)

In evaluating a Rule 54(b) motion for an error of law or manifest injustice, courts are "not persuaded that reconsideration is appropriate based on arguments that have already been considered and rejected by the court." *Sanders v. Lowe's Home Centers, LLC*, No. 0:15-CV02313-JMC, 2016 WL 5920840, at *4 (D.S.C. Oct. 11, 2016); *U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 18, 2012); *see Sanders v. Wal-Mart Stores E.*, No. 1:14-CV-03509-JMC, 2016 WL 6068021, at *2 (D.S.C. Oct. 17, 2016).

### III.     DISCUSSION

Defendants argue that, with the case stayed, Plaintiffs "get all of the relief they wanted without having to ever prove anything at all while the State is deprived of its right to defend its duly enacted voting requirement. This is unjust and an abuse of discretion." (ECF No. 182 at 2.) Defendants add that Plaintiffs' claims will not succeed at trial for a variety of reasons. (*Id.* at 2-5.) In response, Plaintiffs counter that the record fully supports their claims. (ECF No. 186 at 2-3.)

Here, the court denies the Motion for Reconsideration. (ECF No. 182.) Defendants' assertion that Plaintiffs obtained their requested relief without any opportunity for Defendants to present a defense is without merit, as the Witness Requirement has been reinstated after a lengthy appellate process instigated by the instant Defendants in *Middleton*. Defendants' remaining arguments are not particularly relevant to the instant Motion, as the likelihood of Plaintiffs' success at trial does not affect whether the court committed an error of law or manifest injustice by staying the instant case.

Moreover, while Plaintiffs' claims extend to all elections implementing the Challenged Provisions during the COVID-19 pandemic, such claims nonetheless remain "principally tied to the upcoming election." (ECF No. 178 at 3.) Because Plaintiffs cannot contest the Challenged

Provisions for the upcoming election—the Excuse Requirement because it has been suspended, and the Witness Requirement due to developments in *Middleton*—proceeding to trial now would potentially cause unfairness to Plaintiffs and waste judicial resources.

Lastly, the court notes that Defendants remain unharmed by this stay, as they have obtained their desired result in *Middleton* and ensured South Carolina implements the Witness Requirement for all absentee voters in the 2020 General Election. The court accordingly denies Defendants' Motion for Reconsideration. (ECF No. 182.)

### IV.     CONCLUSION

For the reasons stated above, the court **DENIES** Defendants' Motion for Reconsideration. (ECF No. 182.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 28, 2020
Columbia, South Carolina